ELMER P. FOX v. FREDA SWARTZ, *d. b. a.* THE FLAME, AND ANOTHER.[1]

April 8, 1949.

No. 34,787.

[1]Reported in 36 N. W. (2d) 708.

234

*George C. Stetson* and *Ernest F. Jacobson,* for appellant.
*J. Frank Boyles* and *Henry Bank,* for respondents.

LORING, CHIEF JUSTICE.

Plaintiff appealed from an order denying his motion for a new trial after the court had granted defendants' motion for judgment on the pleadings.[2] He was an employe of defendant Freda Swartz, d. b. a. The Flame, located in Minneapolis. He brought this suit against her and her surety, under M. S. A. 340.95, the civil damages section of our liquor control act, for injuries suffered when defendant's manager, in a drunken condition, assaulted him.

From the pleadings, it appears that plaintiff has twice previously sought relief for the same injury. First, he sued Freda Swartz and Joseph Swartz, the bar manager, and recovered a verdict against Joseph for $1,000. The trial court directed a verdict for Freda, taking the view that her liability, if any, was under the workmen's compensation act. A motion for new trial was denied, and no appeal was taken. Second, he brought a proceeding against this defendant under the workmen's compensation act. The industrial commission held that plaintiff was an employe of Freda Swartz and that he had suffered an accidental injury which arose out of and in the course of his employment. It made an award to plaintiff against Freda, covering direct medical and hospital expenses; costs of bringing the compensation action; compensation for the period of disability incidental to further surgical and hospital care; and such further surgical and hospital care as he might require.

---

[2]Such an order is appealable. Hine v. Myrick, 60 Minn. 518, 62 N. W. 1125.

Plaintiff alleged in this action (his third) that Joseph Swartz, husband of Freda, was in the employ of Freda as a general manager in supervision of a tavern licensed to sell liquor and that Joseph, while in an intoxicated condition caused by the illegal dispensing of liquor after hours and while still under the direction of Freda, assaulted plaintiff and injured him severely.

The question presented now for the first time is whether the legislature, in enacting the amendments making the workmen's compensation act compulsory, intended to make its provisions exclusive of the statutory remedy created under the civil damages section of the liquor control act, § 340.95, insofar as injuries arising out of and in the course of employment are concerned.

Where an employe has been assaulted by a fellow worker, a foreman, or a third party in the course of his employment, it has been held that the injury is compensable under the workmen's compensation act. In State ex rel. Anseth v. District Court, 134 Minn. 16, 158 N. W. 713, L. R. A. 1916F, 957, a bartender employed in a saloon was struck in the eye by a drinking glass thrown by a drunken patron of the saloon. This was held to have been an injury arising out of the employment. In Hinchuk v. Swift & Co. 149 Minn. 1, 182 N. W. 622, the court considered a number of authorities where compensation was allowed when one employe had been injured or killed because of the wilful act of another employe,[3] and it held that there was liability under the act where there was some relationship between the injury and the work or employment pursued.

Under the workmen's compensation act, as amended by L. 1937, c. 64, the employe's right to elect not to be bound by the act theretofore existing was abolished as to contracts thereafter arising. § 176.02. The same amendments require every employer under the act to pay compensation in every case of personal injury of his employe "caused by accident arising out of and in the course of the

[3]However, a number of courts recognize an exception where the assault was committed solely to gratify personal ill will, anger, or hatred. See, Goodland v. L. S. Donaldson Co. 227 Minn. 583, 36 N. W. (2d) 4; Annotation, 15 A. L. R. 594.

employee's employment * * *." § 176.02. The liability imposed by §§ 176.02 and 176.03 is made the employer's exclusive liability by § 176.04:

"* * * in the place of *any other liability* to such employee, his personal representative, surviving spouse, parents, child or children, dependents or next of kin, or any other person entitled to recover damages at common law *or otherwise* on account of such injury or death, * * *." (Italics supplied.)

In Breimhorst v. Beckman, 227 Minn. 409, 35 N. W. (2d) 719, these provisions were construed in a case involving the issue of whether an employe who in fact had sustained compensable injuries from an accident could bring a common-law action in tort for serious permanent disfigurement resulting from the accident, but which did not materially affect her employability and therefore could not be compensated under the act. This court held that where plaintiff sustained certain injuries which were in fact covered by the workmen's compensation act the remedies under that act were exclusive of her common-law remedies for the employer's negligence and tort. In sustaining the constitutionality of this amendment of the act as based on the inherent police power of the state, the court said (227 Minn. 436, 35 N. W. [2d] 735):

"By the weight of authority, it is recognized that compulsory workmen's compensation acts similar to ours do provide a remedy which is an adequate substitute for the common-law or statutory action for damages for injuries sustained by an employe in his employment. Although the plaintiff, by becoming subject to the workmen's compensation act as an employe, has lost a right to sue at law for all damages incurred from injuries resulting from her employer's negligence, she has been fully compensated for this loss by receiving in return a remedy which gives her a certainty of compensatory relief, without the delay of litigation and without regard to any negligence or assumption of risk on her part."

A comparison of the provisions of § 176.04 of the workmen's compensation act with § 340.95, the civil damages section of the liquor

control act, shows that in enacting the workmen's compensation act. the legislature considered precisely the same interests as those protected by the civil damages section. Thus, the workmen's compensation act expressly substitutes its contractual liability arising out of the employment relation for any other liability to such employe, his dependents, or any other person entitled to recover damages at common law, or otherwise, on account of such injury or death. The civil damages portion of the liquor control act likewise created a special cause of action to "Every husband, wife, child, parent, guardian, employer, or other person" injured by an intoxicated person to whom liquor had been illegally dispensed.[4] An action to recover damages for illegal sale, under the liquor control act, is not for a tortious wrong known at common law, but is a means of enforcing the penalty imposed on the dealer by statute, ordinance, and his own contract.[5]

Section 340.95, in its present form, was on the statute books long before L. 1937, c. 64, was enacted. Since the workmen's compensation act is mandatory and clear in its purpose and specifically covers the relationship of master and servant to the exclusion of any liability at common law, *or otherwise,* the compensation act should be construed as superseding § 340.95 and excepting from its terms injuries arising in the master-and-servant relationship covered by the compensation act.[6] It might be observed that no cases have been found in this state, and few elsewhere, which extend to employes the remedy under the civil damages section of the liquor control act.

A few Minnesota cases contain dicta that the election to be bound by the workmen's compensation act as it existed prior to the 1937 amendment operated to exclude all other remedies, including statu-

---

[4]Cf. first sentence of § 176.04 with first six lines of § 340.95.

[5]Philips v. Aretz, 215 Minn. 325, 330, 10 N. W. (2d) 226, 229; Mayes v. Byers, 214 Minn. 54, 63, 7 N. W. (2d) 403, 407, 144 A. L. R. 821. Cf. Koski v. Pakkala, 121 Minn. 450, 453, 141 N. W. 793, 794, 47 L.R.A.(N.S.) 183; Lynch v. Brennan, 131 Minn. 136, 137, 154 N. W. 795, L. R. A. 1916E, 269. See, Sworski v. Colman, 204 Minn. 474, 478, 283 N. W. 778, 780.

[6]See, §§ 645.17(2) and 645.26, subds. 1, 4.

tory ones,[7] but only two cases deal[8] with the problem of whether compensation is exclusive of a common-law action against the employer for negligence in violating a duty of care imposed by statute. The inference is plain from the cases cited above involving statutory duties that, if the particular injury had been compensable under the compensation act, the sole remedy would have been the award under that act, and no special remedy or action for damages would be available arising out of the breach of the employer's statutory duty. This conclusion is reinforced where, as in the case at bar, both the duty under the liquor control act and the action to enforce it were created by the legislature in the exercise of the police power. The amendments making the workmen's compensation act compulsory and exclusive were also an exercise of that power. See, Breimhorst v. Beckman, 227 Minn. 409, 430, 35 N. W. (2d) 719, 732-733. This conclusion has also been reached by the courts of New York and California in construing comparable compulsory and exclusive compensation statutes, which decisions have been cited with approval by the Supreme Court of the United States.[9]

---

[7]Lindstrom v. Mutual Steamship Co. 132 Minn. 328, 335, 156 N. W. 669, 672, L. R. A. 1916D, 935 (semble); Hyett v. N. W. Hospital for Women and Children, 147 Minn. 413, 416, 180 N. W. 552, 553. In Gibbons v. Gooding, 153 Minn. 225, 190 N. W. 256, the court expressly held that there had been no violation of the ordinances involved.

[8]Novack v. Montgomery Ward & Co. 158 Minn. 495, 198 N. W. 290; Donnelly v. Minneapolis Mfg. Co. 161 Minn. 240, 201 N. W. 305.

[9]Cf. Tipton v. A. T. & S. F. Ry. Co. 298 U. S. 141, 56 S. Ct. 715, 80 L. ed. 1091, 104 A. L. R. 831; Alaska Packers Assn. v. Industrial Acc. Comm. 200 Cal. 579, 583, 253 P. 926, 928; DeCarli v. Associated Oil Co. 57 Cal. App. 310, 207 P. 282; Treat v. Los Angeles G. & E. Corp. 60 Cal. App. 466, 213 P. 263; Burton v. Union Oil Co. 129 Cal. App. 438, 19 P. (2d) 9; Shanahan v. Monarch Eng. Co. 219 N. Y. 469, 114 N. E. 795; Kuhn v. City of New York, 274 N. Y. 118, 8 N. E. (2d) 300. But cf. Barrencotto v. Cocker Saw Co. Inc. 266 N. Y. 139, 194 N. E. 61; Kindga v. Charles F. Noyes Co. Inc. 260 N. Y. 521, 184 N. E. 76, affirming 235 App. Div. 607, 254 N. Y. S. 1050. The New Jersey statute has been similarly construed to provide an exclusive remedy although the act is not compulsory. Gregutis v. Waclark Wire Works, 86 N. J. L. 610, 92 A. 354. See, Peet v. Mills, 76 Wash. 437, 440-441,

Therefore, where the intent of our legislature has been so clearly expressed that the workmen's compensation act shall provide the exclusive remedy for injuries arising out of the employment relation, we hold that § 340.95 has been modified by the 1937 amendment to the compensation act so as to exclude therefrom injuries arising out of and in the course of the employment relation between an employe and an employer who is subject to the liquor control act, §§ 340.12 and 340.95.

The order denying plaintiff's motion for new trial is affirmed.

136 P. 685, 686, L. R. A. 1916A, 358, Ann. Cas. 1915D, 154 (statute applying to hazardous employments only).