**Debra May PAPPAS,
Plaintiff-Appellant,**

v.

**David G. HUGHES, Defendant-Appellee.**

No. 86–910.

Court of Appeals of Iowa.

March 31, 1987.

Warren C. Schrempp and Terrence Salerno of Gross & Salerno, Omaha, Neb., and Verne Lawyer and Richard H. Doyle IV of Verne Lawyer & Associates, Des Moines, for plaintiff-appellant.

John M. French and Kevin D. Van Dyke of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for defendant-appellee.

Considered by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

On April 13, 1983, the appellant, Debra Pappas, an employee of Mondo's Restaurant, Inc. in Red Oak, Iowa, was injured when a fryer containing hot grease fell on her. Pappas received workmen's compensation benefits. She initiated the present suit on November 14, 1983, alleging that the appellee, David G. Hughes, was a co-employee whose gross negligence was the proximate cause of her injuries. On June 27, 1985, Hughes filed a motion for summary judgment which was resisted by Pappas on July 11, 1985. The motion alleged that the district court lacked subject matter jurisdiction over Pappas' claim. On May 23, 1986, the district court, without order or comment, granted the motion for summary judgment. In this appeal, Pappas contends both that there are material fact issues to be resolved at trial and that Hughes' status as sole officer, sole shareholder, and sole

director of Mondo's Restaurant, Inc. does not bar her right to sue under Iowa Code section 85.20. Our review is limited to the correction of errors at law. Iowa R.App.P. 4.

In reviewing the grant of summary judgment under Iowa Rule of Civil Procedure 237, the question is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Suss v. Schammel*, 375 N.W.2d 252, 254 (Iowa 1985); *Brown v. Monticello State Bank of Monticello*, 360 N.W.2d 81, 83–84 (Iowa 1984). The resisting party must set forth specific facts showing there is a genuine issue for trial. *Iowa Civil Rights Commission v. Massey-Ferguson, Inc.*, 207 N.W.2d 5, 8 (Iowa 1973); Iowa R.Civ.P. 237(e). The resisting party may not rely solely on legal conclusions to show there is a genuine issue of material fact justifying denial of summary judgment. *Byker v. Rice*, 360 N.W.2d 572, 575 (Iowa Ct.App.1984). Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. *Adam v. Mt. Pleasant Bank & Trust Co.*, 355 N.W.2d 868, 872 (Iowa 1984). We examine the record in a light most favorable to the party opposing the motion for summary judgment to determine if movant met his or her burden. *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984).

Iowa Code section 85.20 (1985) provides as follows:

> The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee on account of injury, occupational disease or occupational hearing loss for which benefits under this chapter, chapter 85A or chapter 85B are recoverable, shall be the exclusive and only rights and remedies of such employee, the employee's personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury, occupational disease, or occupational hearing loss against:
>
> 1. the employee's employer; or

> 2. any other employee of such employer, provided that such injury, occupational disease, or occupational hearing loss arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

Pappas contends there remain material factual issues to be determined by a jury. Specifically, she seeks a jury finding on the questions (1) whether Hughes, under the facts of this case, is her co-employee or her employer; and (2) whether Hughes was grossly negligent towards her. Logically, the determination of Hughes' status must precede the gross negligence issue, for if Hughes is found to be Pappas' employer the question of gross negligence is rendered moot. *Tigges v. City of Ames*, 356 N.W.2d 503, 509 (Iowa 1984); Iowa Code section 85.20 (1985).

The determination of Hughes' status is critical to the district court's jurisdiction of this case. If Hughes is Pappas' employer, exclusive jurisdiction of Pappas' complaint lies with the industrial commissioner. *Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240, 242 (Iowa 1984). Accordingly, Pappas' summary judgment motion presented the district court with the question of the court's authority to proceed with the case before it. *See Tigges*, 356 N.W.2d at 510. The district court possesses inherent power to determine the question of subject matter jurisdiction. *Walles v. International Brotherhood of Electrical Workers*, 252 N.W.2d 701, 710, *cert. denied*, 434 U.S. 856, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977). Although the determination of the subject matter jurisdiction issue in the case at bar turned on an arguably "factual" matter, i.e., whether Hughes is an "employer" or a "co-employee," we disagree with Pappas' contention that she is entitled to have that question submitted to a jury. The determination of jurisdictional facts such as that of Hughes' status is a matter which rests with the court. *Tigges*, 356 N.W.2d at 511–12; *Jansen v. Harmon*, 164 N.W.2d 323, 326 (Iowa 1969). The *Tigges* court, in dealing with a similar

factual situation, noted that "[t]he trial court rightfully preserved its right to determine the issue of fact that inhered in its decision on jurisdiction and was not bound by the special verdict." *Id.* at 512.

In sustaining Hughes' motion for summary judgment, the district court implicitly concluded that he was Pappas' employer for purposes of section 85.20. *Cf. Rank v. Kuhn*, 236 Iowa 854, 856, 20 N.W.2d 72, 74 (1945) (in construing district court decree effect is given to that which is implied); *F.S. Credit Corporation v. Shear Elevator, Inc.*, 377 N.W.2d 227, 232–33 (Iowa 1985) (claims not addressed in findings but inconsistent with the judgment are considered to have been decided adversely to the losing party). Our review of proceedings concerning subject matter jurisdiction is at law. *Tigges*, 356 N.W.2d at 512. The record includes the uncontested facts that Hughes was the sole shareholder, sole director, and sole officer of Mondo's Restaurant, Inc. All formalities of incorporation were observed. He purchased the building and equipment for the restaurant in 1976 and has operated it since that time. Hughes was also an employee of Mondo's Restaurant, Inc. He received W–2 forms and declared all monies received from Mondo's as salary for services performed as manager and employee of the restaurant. Some of the duties he undertook as an employee of the restaurant included daytime cook and full-time supervisor. As supervisor, he was responsible for the daily maintenance and delegated various clean-up tasks, such as wiping off fryers.

Plaintiff was injured while performing such clean-up tasks. She was on her knees wiping the floor next to a table supporting a fryer. The fryer slid off the table, spilling gallons of hot grease on plaintiff, who was severely burned.

Defendant Hughes was not on the premises when the accident occurred. Plaintiff claims that Hughes was in control of the fryer, knew that a dangerous condition existed, and was grossly negligent by failing to correct the situation.

Professor Larson, in his treatise on workmen's compensation law, comments:

> If the defendant so dominates the corporation, perhaps as stockholder, president, and manager, that he can honestly be said to be the alter ego of the corporation, this in itself may suffice to bar any action against him.

2A Larson's Workmen's Compensation Law, § 72.13 (1983).

In *Neal v. Oliver*, 246 Ark. 377, 387, 438 S.W.2d 313, 318 (1969), the court analyzed the relationships between the corporation, its supervisory personnel, and employees, and reached the following conclusions:

> Under compensation coverage the employer gives up the defense of contributory negligence and the injured employee is relieved of the burden of proving negligence but he gives up the right to sue his employer in a court of law.
>
> A president of a corporation or the owner of a business may or may not be an employee of the corporation, or in the business, for the purpose of determining liability for compensation benefits under the Workmen's Compensation Law. That would depend on what he does. [Citations omitted].
>
> In the case at bar Mr. and Mrs. Oliver owned the corporate business and they, as well as the corporation, were the employers.

In the case at bar, the evidence is clear that Hughes is the alter ego of the corporation. The fact that he also was employed by the corporation does not change this conclusion. We believe the district court correctly determined that Hughes was Pappas' employer, a question for the court.

The district court's determination of the jurisdictional fact issue renders the issue of gross negligence moot. There remain no issues of material fact for jury submission, and Hughes is entitled to judgment as a matter of law. The district court correctly applied the law in granting Hughes' motion for summary judgment. Costs are assessed to appellant.

AFFIRMED.