Barry A. CREES, Bonnie Heideman–Crees, and Barry A. Crees, as Father and Next Friend of Laura Ann Crees, Roma Catherine Heideman–Crees, Dory Bernadette Heideman–Crees, Mollie Rebecca Heideman–Crees, and James Patrick Heideman–Crees, Minor Children, Plaintiffs–Appellants,

v.

Vern CHILES, Defendant,

and

Richard L. Heideman, Defendant–Appellee.

No. 88–69.

Court of Appeals of Iowa.

Dec. 22, 1988.

As Corrected Jan. 4, 1989.

John R. Sandre and Richard O. McConville of Scalise, Scism, Sandre & Uhl, Des Moines, for plaintiff-appellant, Barry A. Crees, individually and as next friend for the minor children.

Larry Krpan, Des Moines, for plaintiff-appellant, Bonnie Heideman–Crees.

James C. Huber of Jones, Hoffman & Huber, Des Moines, for defendant-appellee, Richard L. Heideman.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ., but decided en banc.

HAYDEN, Judge.

Plaintiffs appeal the ruling of the district court granting summary judgment for defendant Richard L. Heideman on the ground he was the alter ego of the corporation which employed plaintiff Barry A. Crees, and thus was immune from suit under Iowa Code section 85.20(2). Plaintiffs claim the trial court erred as a matter of law in finding Heideman was the alter ego of the corporate employer and therefore not subject to the court's jurisdiction under section 85.20(2). We reverse and remand for trial.

Plaintiff Barry A. Crees was employed by Heideman Drywall, Inc. Defendant Richard L. Heideman and his wife were the sole stockholders and officers of the corporation. Defendant Heideman and Vern Chiles were also employees of the corporation.

In the course of his employment with Heideman Drywall, Inc. Barry Crees operated a flat bed truck and he stopped at a pay telephone to call the company's office to get further instructions about the job he was on. While he was talking on the phone, the brakes or the clutch of the truck failed and, the truck rolled from where it was parked, struck him, and pinned him to

the phone booth and ground. He was severely injured.

Both defendants were supervisory coemployees of Barry Crees and responsible for the truck. Both were previously warned and advised of the truck's dangerous condition, and were aware of the brake and clutch deficiencies in the truck.

In their petition, plaintiffs alleged specific and individual acts of gross negligence against both defendants as coemployees.

■ Defendant Heideman filed a motion for summary judgment on the ground he was the alter ego of the corporation and so should be considered Crees's employer. Iowa Code section 85.20(2) permits suits only against coemployees whose gross negligence amounts to a wanton disregard for the safety of another. The district court found Heideman ran the corporation as if he were the sole proprietor or sole manager. The court relied on the case of *Pappas v. Hughes*, 406 N.W.2d 459 (Iowa App. 1987), for the proposition that an individual who is the sole shareholder of a corporation is in fact the alter ego of such a corporation and is protected as the "employer" under Iowa law by the exclusive remedy provision of Iowa Code section 85.20, even though the shareholder was also an employee of the corporation. The court granted the motion for summary judgment as to Heideman only.

Crees claims the trial court erred in considering Heideman to be the alter ego of Heideman Drywall, Inc. He states a corporation is treated as a separate entity from its shareholder, and a shareholder who created a corporate status would be to his disadvantage. Crees argues the Iowa workers' compensation statutes do not allow the court to construe an employee shareholder to be the corporation's alter ego, exempt from coemployee liability. He claims the court ignored the definition of "employer" and "employee" found in section 85.61, and the court improperly imposed an amendment to the statutory definitions.

This court in *Pappas* held that defendant Hughes, who was the sole shareholder, sole director, and sole officer of Mondo's Restaurant, Inc., was the alter ego of that corporation. The fact he was also employed by the corporation does not change this conclusion. *Pappas v. Hughes*, 406 N.W.2d 459, 461 (Iowa App. 1987).

The *Pappas* court relied upon the 1969 Arkansas case of *Neal v. Oliver*, 246 Ark. 377, 438 S.W.2d 313 (Ark.1969), for authority. In *Neal* the court held:

Under compensation coverage the employer gives up the defense of contributory negligence and the injured employee is relieved of the burden of proving negligence but he gives up the right to sue his employer in a court of law.

A president of a corporation or the owner of a business may or may not be an employee of the corporation, or in the business, for the purpose of determining liability for compensation benefits under the Workmen's Compensation Law. That would depend on what he does. In the case at bar Mr. and Mrs. Oliver owned the corporate business and they, as well as the corporation, were the employers.

*Neal v. Oliver*, 246 Ark. 377, 438 S.W.2d at 318 (citations omitted).

The Pappas court also noted a comment from 2A Larson's Workman's Compensation Law, section 72.13 (1983), as follows:

If the defendant so dominates the corporation, perhaps as stockholder, president, and manager, that he can honestly be said to be the alter ego of the corporation, this in itself may suffice to bar any action against him.

The Pappas court did not look any further than *Neal* or that sole comment from Larson in arriving at its decision.

In the case before us, we first look at section 85.61 of the 1985 Iowa Code entitled "Definitions." In this section the Iowa Legislature has defined employer, worker, or employee for the worker's compensation chapter. We set out the relevant portions as follows:

**85.61 Definitions.**

In this and chapters 86 and 87, unless the context otherwise requires, *the following definitions of terms shall prevail:*

1. *"Employer"* includes and applies to any person, firm, association, or *corporation,* state, county, municipal corporation, school corporation, area education agency, township as an employer of volunteer firemen only, benefited fire district and the legal representatives of a deceased employer.

2. *"Worker"* or *"employee"* means a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer, *every executive officer elected or appointed and empowered under and in accordance with the charter and bylaws of a corporation, including a person holding an official position, or standing in a representative capacity of the employer,* and including officials elected or appointed by the state, counties, school districts, area education agencies, municipal corporations, or cities under any form of government, and including members of the Iowa highway safety patrol and conservation officers, except as hereinafter specified.

\* \* \* \* \* \*

3. The following persons *shall not* be deemed "workers" or "employees:"

\* \* \* \* \* \*

c. Partners; *directors of any corporation who are not at the* same *time employees of such corporation;* or directors, trustees, officers or other managing officials of any nonprofit corporation or association who are not at the same time full-time employees of such nonprofit corporation or association. [Emphasis ours.]

It is clear to us the Iowa Legislature has, by definition, included corporations as employers. It has also included every executive officer, elected or appointed and employed under and in accordance with the charter and bylaws of a corporation, including a person holding an official position, or standing in a representative capacity of the employer, as a worker or employee. We note with interest our State's legislature in section 85.61(3) has expressly excluded directors of any corporation who *are not* at the same time employees of such corporation as workers or employees.

The definition statute makes no mention of shareholders or sole shareholders of corporations as employers or workers or employees. It makes no mention of "alter ego" of a corporation or employer.

■ In the field of statutory interpretation, legislative intent is expressed by omission as well as by inclusion. The express mention of certain conditions of entitlement implies the exclusion of others. *Barnes v. Iowa Department of Transportation,* 385 N.W.2d 260 (Iowa 1986). *See also In re Estate of Wilson,* 202 N.W.2d 41, 42 (Iowa 1972).

■ We hold here the legislature did not intend a person lose his or her status as an employee merely because he or she is a shareholder of a corporate employer. Consequently, the legislature did not intend any person who may be determined an "alter ego" of a corporate employer to be immune from suit for gross negligence by a coemployee.

Appellant claims the *Pappas* decision is wrong and should be reversed. Appellee contends the *Pappas* case should not be overruled as it comports with the overall philosophy of the Iowa Workers' Compensation Laws to limit an employee's remedy against an employer to the benefits provided by statute. Both sides have cited us cases from other state jurisdictions in support of their respective positions. We have studied those cases, but do not set out our analysis of each of those cited cases.

We note with interest the case of *Barnette v. Doyle,* 622 P.2d 1349 (Wyo.1981). In that Wyoming case:

Doyle was injured when an unattended truck ran over him, crushing his legs. He brought suit against Lenise Williams, the driver of the truck and a fellow employee, and Gibson A. Barnette, the president, director, shareholder of plaintiff's corporate employer and a fellow employee. The jury found Barnette was 100 percent culpably negligent and awarded Doyle $84,000.00 in damages.

Barnette argued an appeal that he as shareholder, director, and president of the corporate employer of plaintiff, a family-owned corporation, and he was not an employee of the corporation as required by the Wyoming Worker's Compensation Act. Doyle argued Barnette was not immune because he was in charge of the day-to-day operation of the company and Barnette failed to have the emergency brake on the truck repaired after he was advised the brake was not working.

The Supreme Court of Wyoming rejected Barnette's argument and held as follows:

In raising the contention that he is immune from suit because of the Wyoming Worker's Compensation Act, Barnette has ignored the legal entity of Barnette Enterprises, Inc. Presumably, Barnette and his wife created this legal entity for the purpose of protecting themselves from personal liability for the obligations of the corporation, the acts of the corporation's employees, and worker's compensation benefits. After the corporation was formed, Barnette undertook to work for Casper Mud Service, a division of the corporation, and he received a salary from that company. Therefore, when Barnette became an employee of his corporation, he assumed the additional role of a coemployee. And as a coemployee, he is liable for the breach of any duty that he owes to his fellow employees. (Citations omitted.)

*Id.* at 1353. That court further held at pages 1354 and 1355:

[W]hen the corporate alter ego becomes an employee of his corporation, he assumes the additional role of a "fellow employee. As a fellow employee, he then becomes liable for the breach of any duty he owes to his colleagues who are also employed by the corporation....

"Employee," as the term is used in § 27–12–102, includes corporate officers. This Act does not bar an injured employee from bringing an action against a coemployee who is also a corporate officer, if that coemployee was culpably negligent and he owed the plaintiff a duty of care. This result is consistent with the majority of courts that have considered

the issue. As stated in 2A Larson, Workmen's Compensation Law § 72.10, p. 14–34 (1976):

"... In the present setting, modern cases usually hold that a person who is a corporate officer, director, stockholder, or all three can still be treated merely as a coemployee for purposes of being held accountable in a damage suit, although there is *contra* authority...."

An officer, director and shareholder of the corporate employer who is also a coemployee is not granted immunity by the worker's compensation act because such immunity would "confer upon a workman freedom to neglect his duty towards a fellow employee and immunize him against all liability for damages proximately caused by his negligence."

We determine here the coverage provisions of our Worker's Compensation Act should be liberally construed and the immunity provisions should be narrowly construed. *See Boggs v. Blue Diamond Coal Company,* 590 F.2d 655, 659 (1979).

We hold defendant Richard L. Heideman, who is a shareholder, officer, and director of Heideman Drywall, Inc., is not immune from a suit, permitted by our Workman's Compensation Act, by an employee of that corporation if he is also employed by the same corporate employer. The fact defendant Heideman may be considered the "alter ego" of the corporate employer does not make him immune from suit by a third party coemployee. He remains an employee as long as he is employed and paid by the corporation he works for. Any changes in or amendments to the Iowa Worker's Compensation Act should be considered and accomplished by the Iowa Legislature and not mandated by this court.

To the extent *Pappas v. Hughes,* 406 N.W.2d 459 (Iowa App.1987), is in conflict with or contrary to our holding today, it is reversed.

This case is reversed and remanded to the district court for trial.

REVERSED AND REMANDED FOR TRIAL.

OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ., concur.

DONIELSON and SACKETT, JJ., dissent.

DONIELSON, Judge (dissenting).

I believe that Richard L. Heideman is immune from suit by his employee. This result does not require a legislative act but results from interpretation of the existing statute.

Iowa Code section 85.61 defines the terms employer and worker for purposes of Chapters 85, 86, and 87. The statute expressly states: *"unless the context otherwise requires, the following definitions of terms shall prevail ..."*

Because there are many possible combinations of titles one may possess in a small business, the statute allows the court to interpret the *context* of a situation to determine whether an individual is functionally more like an employer or a worker. Heideman is more like an employer and Crees should be limited to recovering under the workers compensation statute.

Heideman and his wife are the only two shareholders and officers of the corporation. The district court found that Heideman ran the business as if he were the sole proprietor or sole manager. Heideman is functioning as the employer.

This is similar to the situation in *Pappas v. Hughes,* 406 N.W.2d 459 (Iowa App. 1987). There we quoted Professor Larson's treatise on Workmen's Compensation which says:

> If the defendant so dominates the corporation, perhaps as stockholder, president and manager, that he can honestly be said to be the alter ego of the corporation, this in itself may suffice to bar any action against him.

2A Larson's Workmen's Compensation Law § 72.13 (1983).

The alter ego serves the purpose of the worker's compensation statutes. It provides coverage under the act for situations that do not fit within the clear definitions of the terms. There is no reason to overturn the *Pappas* case as it is consistent with the intent of the worker's compensation statute and the legislature has not amended that part of the statute since the *Pappas* decision was announced. Therefore, I would affirm the ruling of the district court granting summary judgment for defendant Richard L. Heideman.

SACKETT, J., joins this dissent.