Jolene HORSMAN, Appellant,

v.

Darwin WAHL, Appellee.

No. 95–541.

Supreme Court of Iowa.

July 24, 1996.

Robert K. DuPuy of LaMarca & Landry, P.C., West Des Moines, for appellant.

Phillip H. Dorff, Jr., of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The issue on appeal is whether a sole proprietor who purchases workers' compensation insurance for himself or herself pursuant to the election provided for in Iowa Code section 85.1A (1995) is considered an "employee" under the definitions contained in section 85.61 and thus an "employee" against whom a coemployee can assert a gross negligence claim under Iowa Code section 85.20(2). The district court determined that defendant's election to be covered by workers' compensation insurance did not make him plaintiff's coemployee for purposes of the exclusive remedy provision set forth in section 85.20(2) and dismissed the action. We affirm.

## I. *Background Facts and Proceedings*

Plaintiff, Jolene Horsman, lost her right index finger while operating a meat tenderizing machine at her place of work, the Pleasantville Grocery. Darwin Wahl is the store's sole proprietor and works there full-time. Horsman filed a petition against Wahl, alleging her injury occurred as a result of Wahl's gross negligence. Horsman further asserted Wahl was a coemployee pursuant to Iowa Code sections 85.1A and 85.61(11) against whom she could bring the gross negligence action under Iowa Code section 85.20(2).

Wahl filed a motion to dismiss, asserting the district court lacked subject matter jurisdiction over the case because Horsman's exclusive remedy against him, her employer, is workers' compensation. The district court granted the motion. Horsman appeals.

## II. *Scope of Review*

Our review of proceedings concerning subject matter jurisdiction is at law, not de novo. *Tigges v. City of Ames,* 356 N.W.2d 503, 512 (Iowa 1984). We are not bound by the trial court's conclusions of law or applica-

tion of legal principles. *Shirley v. Pothast,* 508 N.W.2d 712, 713 (Iowa 1993).

### III. *Relevant Statutes*

Section 85.1A provides:

A proprietor or partner who is actively engaged in the proprietor's or partner's business on a substantially full-time basis, may elect to be covered by the workers' compensation law of this state by purchasing valid workers' compensation insurance specifically including the proprietor or partner. The election constitutes an assumption by the employer of workers' compensation liability for the proprietor or partner for the time period in which the insurance contract is in force. The proprietor or partner shall accept compensation in the manner provided by the workers' compensation law and the employer is relieved from any other liability for recovery of damages, or other compensation for the injury.

Section 85.61, definitions, provides that in chapters 85, 86 and 87, *"unless the context otherwise requires,* the following definitions of terms shall prevail. . . ." (Emphasis added.) Section 85.61(2) provides that an " '[e]mployer' includes and applies to a person. . . ." Section 85.61(11) states that a " '[w]orker' or 'employee' means a . . . proprietor or partner who elects to be covered pursuant to section 85.1A. . . ." Section 85.61(13) provides that "[p]roprietors and partners who have not elected to be covered by the workers' compensation law . . . pursuant to section 85.1A" shall not be deemed workers or employees.

Section 85.20 provides, in pertinent part: The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee on account of injury . . . shall be the exclusive and only rights and remedies of such employee . . . on account of such injury . . . against:

(1) the employee's employer; or

(2) any other employee of such employer provided that such injury . . . arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such a lack of care as to amount to wanton neglect for the safety of another.

### IV. *Arguments*

On appeal Horsman asserts the district court erred in dismissing her claim. She argues that a proprietor who elects to purchase workers' compensation insurance for himself or herself pursuant to section 85.1A is considered an "employee" under the definitions contained in section 85.61. Horsman maintains that in enacting section 85.1A and amending section 85.61, the legislature intended to define sole proprietors and partners who elect to be covered by workers' compensation insurance as employees for all purposes of the workers' compensation law. Therefore, Horsman asserts, because Wahl is defined as an "employee" pursuant to section 85.61(11), she is entitled to bring a claim of gross negligence against him pursuant to section 85.20(2).

Wahl maintains that his election to be covered pursuant to section 85.1A does not change his status from that of employer to employee for purposes of the exclusive remedy provision of the workers' compensation law. He asserts that the legislature's intention in enacting section 85.1A and amending section 85.61 was to allow partners and proprietors to elect to be covered under workers' compensation law and to define a proprietor or partner electing pursuant to section 85.1A as an employee for coverage provisions contained in chapters 85, 86 and 87. Wahl notes that section 85.61 provides that the definitions and terms contained therein shall prevail in chapters 85, 86 and 87 "unless the context otherwise requires" and argues that the definition contained in section 85.61(11) should not prevail in the context of a gross negligence action brought pursuant to section 85.20(2). Wahl further argues a sole proprietor is defined as an "employer" pursuant to section 85.61(2).

### V. *Analysis*

If the statutory language is plain and the meaning is clear, we do not search for the legislative intent beyond the express

terms of the statute. *State v. Monk,* 514 N.W.2d 448, 450 (Iowa 1994). We conclude the Code sections implicated in this case are unambiguous; therefore, we do not resort to principles of statutory construction. *See State v. Gilmour,* 522 N.W.2d 595, 597 (Iowa 1994) (holding ambiguity is present if reasonable minds may differ or be uncertain as to the meaning of the statute).

■ Contrary to Horsman's assertion that because Wahl elected coverage pursuant to section 85.1A he is defined as an employee for all purposes of workers' compensation law, we believe section 85.61 plainly states its definitions prevail *"unless the context otherwise requires."* (Emphasis added.) We conclude that a proprietor or partner who elects to purchase workers' compensation insurance pursuant to section 85.1A is defined as an employee in context of the workers' compensation law relating to coverage. The exclusive remedy provision of workers' compensation law, set forth in section 85.20, does not relate to coverage; therefore, in the context of section 85.20 a definition of Wahl as an "employer," pursuant to section 85.61(2), is required.

## VI. *Conclusion*

We agree with the district court's determination that Wahl is not an employee against whom Horsman can bring a gross negligence claim pursuant to section 85.20(2). Accordingly, we affirm the district court's dismissal of the claim.

**AFFIRMED.**