Corliss H. GUNDERSON, Appellant,

v.

Mark J. HARRINGTON, Respondent.

No. C7–00–999.

Court of Appeals of Minnesota.

Nov. 21, 2000.

---

Joseph M. Sokolowski, Kevin R. Coan, Parsinen, Klaplan, Rosberg & Gotlieb, P.A., Minneapolis, for appellant.

Jeffrey J. Lindquist, Pustorino, Tilton & Parrington, P.A., Minneapolis, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, HARTEN, Judge, and ANDERSON, Judge.

## OPINION

HARTEN, Judge.

Appellant sued respondent, her former employer, alleging assault, battery, intentional infliction of emotional distress, and negligence. The district court awarded respondent summary judgment on the grounds that the exclusive remedy provision of the Workers' Compensation Act precludes appellant's claims and that the intentional injury exception to that provision does not apply. Appellant challenges the summary judgment.

## FACTS

Respondent Dr. Mark Harrington, an orthodontist d/b/a Harrington Orthodontics, Ltd., a Minnesota Subchapter S corporation, employed appellant Corliss Gunderson as a receptionist for about five years. Appellant claims that between about May 1997 and her resignation on July 10, 1998, respondent committed five assaults on her when criticizing her work or reprimanding her.

Appellant sought no medical care or treatment for any of the first four alleged assaults, nor did she report them. However, at the suggestion of a friend who was a former police officer, appellant reported the fifth assault to the police the day after it occurred. Because the police recommended that she seek medical treatment, she visited her clinic. She testified that she hadn't thought about going to a physi-

cian before the police suggested it, that her head was examined but that neither treatment nor follow-up care was recommended, that she did not return to the clinic, and that she received no other medical care, psychiatric care, or emotional counseling in regard to the incident. The record includes no medical report of her visit to the clinic but it does include a letter indicating that the visit was paid for by respondent's workers' compensation insurance.

Appellant sought damages from respondent for assault, battery, intentional infliction of emotional distress, and negligence but respondent moved successfully for summary judgment.[1]

## ISSUES

1. Is respondent, as appellant's employer, entitled to the protection of the exclusive remedy provision of the Workers' Compensation Act?

2. Is there a genuine issue of material fact as to whether respondent acted with deliberate and conscious intent to inflict injury on appellant?

## ANALYSIS

### 1. Exclusive Remedy Provision

On an appeal from summary judgment this court asks whether there are genuine issues of material fact and whether the district court erred in applying the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted).

> Under the Workers' Compensation Act, an employer's liability is exclusive. Minn.Stat. § 176.031 (1998). "Employer" is defined as
>
>> any person who employs another to perform a service for hire; and includes corporation, partnership, limited liability company, association, group of persons, state, county, town,

---

1. Appellant's motion to add a claim for punitive damages was denied.

city, school district, or governmental subdivision.

Minn.Stat. § 176.011, subd. 10 (1998). Appellant does not dispute that she was employed to perform the service of a receptionist for hire, but she argues that Harrington Orthondontics, not respondent, was her employer.

Respondent is the president and sole shareholder of Harrington Orthondontics, Ltd. As a corporation, Harrington Orthondontics could not itself have acted to employ appellant. "[A] corporation is an artificial entity which can only act through agents." *Nicollet Restoration, Inc. v. Turnham,* 486 N.W.2d 753, 754 (Minn. 1992). Respondent is the only agent of Harrington Orthondontics; he is the only decision-maker; his orthondontia practice is its only business; its employees are hired only to serve that business, and they are hired only by respondent. Holding that respondent was not appellant's employer would ignore reality. Moreover, when respondent allegedly injured appellant, he was acting in his capacity as master dissatisfied with her job performance. Theirs was a master-servant relationship, and that relationship is covered under the Workers' Compensation Act. *See Fox v. Swartz,* 228 Minn. 233, 237, 36 N.W.2d 708, 710 (1949) (Workers' Compensation Act "is mandatory and clear in its purpose and specifically covers the relationship of master and servant to the exclusion of any liability at common law * * *.") A master's decision to do business as a corporation does not alter the "mandatory and clear" purpose of the act.

To support her argument that Harrington Orthondontics, not respondent, was her employer, appellant relies on *Parker v. Tharp,* 409 N.W.2d 915, 918 (Minn.App. 1987). But *Parker* is readily distinguishable. In *Parker,* Honeywell, Inc., the employer, was found not liable to an employee assaulted by a co-employee because the

co-employee had no "position of policy-making authority at Honeywell * * *." *Id.* at 918. Respondent has all the policy-making authority at Harrington Orthondontics. Unlike the two tortfeasors and the victim in Parker, both co-employees of Honeywell, respondent and appellant were not co-employees of Harrington Orthondontics.

There is no Minnesota case addressing whether an employer loses the protection of the exclusive remedy provision by incorporating. Cases from other jurisdictions address the issue with inconclusive results. *See, e.g. Barnette v. Doyle,* 622 P.2d 1349 (Wyo.1981) and *Crees v. Chiles,* 437 N.W.2d 249 (Iowa Ct.App.1988) (both holding that a sole owner and shareholder of an employing corporation cannot invoke the exclusive liability provision);[2] *Stoker v. Wood,* 161 Ga.App. 110, 289 S.E.2d 265, 265 (1982) (holding that when a corporate executive acts as the alter ego of the corporation, an injured employee may not recover workers' compensation benefits and then sue the executive in tort.).

■ To deny respondent the protection of the exclusive liability provision because he chose to do business as a corporation would eviscerate the Workers' Compensation Act and frustrate its stated basis: "mutual renunciation of common law rights and defenses by employers and employees alike." Minn.Stat. § 176.001 (1998). We hold that an employer does not lose the protection of the exclusive liability provision of the Workers' Compensation Act by choosing to incorporate.

## 2. Intentional Injury Exception

■ Appellant also contends that, if respondent was her employer and entitled to the protection of the workers' compensation exclusive remedy provision, a genuine issue of material fact as to the application of the intentional injuries exception to

2. *Crees,* moreover, relies on the liberal construction of the Workers' Compensation Act that Minnesota has explicitly rejected. *See Gibberd by Gibberd v. Control Data Corp.,* 424 N.W.2d 776, 780 (Minn.1988) (noting legislature's rejection of liberal construction and limited precedential value of cases based on liberal construction).

that provision precludes summary judgment. "The determination of whether a genuine issue of material fact exists is * * * subject to de novo review." *Brookfield Trade Center v. Ramsey County,* 609 N.W.2d 868, 874 (Minn.2000).

> [A] moving party is entitled to summary judgment when "there are no facts in the record giving rise to a genuine issue for trial as to the existence of an essential element of the nonmoving party's case."

*DLH, Inc. v. Russ,* 566 N.W.2d 60, 71 (Minn.1997) (quoting *Nicollet Restoration, Inc. v. City of St. Paul,* 533 N.W.2d 845, 847–48 (Minn.1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986))).

> [T]here is no genuine issue of material fact for trial when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions.

*Id.* See also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts"); *Brookfield,* 609 N.W.2d at 874 (citing *DLH* for this proposition).

■ For the intentional injury exception to apply, an employer must have acted with conscious and deliberate intent to injure the employee. *See Hildebrandt v. Whirlpool Corp.,* 364 N.W.2d 394, 396 (Minn.1985). Therefore, to oppose summary judgment, appellant must show facts in the record giving rise to a genuine issue of material fact as to whether respondent acted with a conscious and deliberate intent to injure her.

Appellant alleges that respondent struck her on five different occasions: May 1997, August 1997, November 1997, February 1998, and July 10, 1998. Because of their similarity, we will consider the first four incidents together, separately from the fifth.

**a. First Four Incidents**

■ Respondent says he has no recollection of the first four incidents, but admits they might have occurred. Appellant testified that the first three incidents were not witnessed and that she did not mention them to anyone. As to the fourth incident, appellant testified that although it occurred in the presence of a mother and two small children, appellant does not know their names, whether they visited respondent's clinic again, or whether they saw respondent hit her. She also testified that she discussed this incident with her co-workers but not with her husband or respondent.

Appellant sought no medical treatment or psychological treatment after any of the first four incidents and she continued to work for respondent without interruption. In her deposition, appellant was asked, "[In the first incident] [d]o you think [respondent] meant to hurt you?" She replied, "No." When asked if she had the impression that respondent intended to hurt her in the second incident, she said, "I don't know." She repeatedly testified, "I don't know" when asked if respondent intended to hurt her in the third incident. In regard to the fourth incident, she testified "I don't know" when asked "Do you know whether [respondent] meant to hurt you?" and when asked whether respondent's act might have been "just an impulsive act of annoyance or frustration rather than an act intended to hurt [her]."

Appellant's recollection is the only source of information on any of these four incidents. She testified that respondent did not mean to hurt her in the first one and that she did not know if he meant to hurt her in the other three. Therefore, in regard to these four incidents, there is no evidence from which a factfinder could find that respondent acted with a deliberate and conscious intent to injure appellant. *See Hildebrandt,* 364 N.W.2d at 396. We

conclude that they do not furnish a basis for reversing the summary judgment.

### b. Fifth Incident

■ Appellant must show that there are facts in the record giving rise to a genuine issue for trial as to whether respondent acted with a deliberate and conscious intent to injure her in the July 10, 1998, incident. When asked if, on that occasion, it was possible that respondent "just got carried away out of frustration without intending to hurt [her]," appellant testified that she didn't know. Therefore, appellant's testimony as to this incident does not provide " 'evidence on which the jury could reasonably find' " that respondent acted with a deliberate and conscious intent to injure appellant and does not preclude summary judgment. *See DLH,* 566 N.W.2d at 71, (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)).

It is not sufficient that the evidence gives rise to an inference that it was possible for respondent to have acted with a conscious and deliberate intent to injure appellant; that inference must be reasonable in light of the competing inferences. *See Matsushita,* 475 U.S. at 588, 106 S.Ct. at 1356 (holding that the nonmoving party, an antitrust plaintiff, had to show that the inference of conspiracy was not merely possible, but reasonable, in light of competing inferences) *cited in DLH,* 566 N.W.2d at 70. There is no evidence supporting a reasonable inference that respondent acted with a conscious and deliberate intent to injure appellant.

■ Moreover, unlike her testimony on the four earlier incidents, appellant's testimony about the fifth incident is not uncontroverted. In his deposition, respondent testified that he remembered the occasion and that the incident did not occur: "I have a specific recollection that I did not strike her on July 10th." The witness before whom the assault is alleged to have occurred submitted an affidavit saying that there was no assault: "[Respondent] did *not* hit [appellant] or yell at her." (Emphasis in original). The district court was not obliged to disregard this evidence in determining that there was no genuine issue of material fact; nor was it obliged to give credence to appellant's testimony to the contrary.[3]

> [W]hen determining whether a genuine issue of material fact for trial exists, the court is not required to ignore its conclusion that a particular piece of evidence may have no probative value, such that reasonable persons could not draw different conclusions from the evidence presented.

*DLH,* 566 N.W.2d at 70. In light of respondent's specific recollection that he did not hit appellant and the witness's affidavit that respondent did not hit appellant, the district court was not required to ignore its conclusion that appellant's account of the incident had no probative value.

■ Absent any firm evidence that an assault occurred, there is no evidence that respondent acted with deliberate and conscious intent to inflict injury on appellant in the assault. Appellant does not "make a showing sufficient to establish that essential element." *Id.* at 71, (citing *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552).

> [W]e conclude that while the Supreme Court uses different language, the import of its analysis [in *Celotex. Liberty Lobby,* and *Matsushita* ] is the same— the party resisting summary judgment must do more than rest on mere averments.

*DLH,* 566 N.W.2d at 71. Appellant does no more than rest on her averments. She offers no evidence other than her own testimony, which is in essence a reiteration of the complaint. "The party resisting summary judgment may not simply rest on

---

**3.** We note our disagreement with respondent's view that the obligation to "view the evidence in the light most favorable to the nonmoving party," *Brookfield,* 609 N.W.2d at 874, precludes the district court from considering any evidence that is unfavorable to the nonmoving party. We find no support for this view.

its pleadings, but must produce affirmative evidence to show an issue of material fact." *Brookfield,* 609 N.W.2d at 874.

We conclude that there was no affirmative evidence that respondent met the standard of acting with a deliberate and conscious intent to inflict injury. Accordingly, the intentional injury exception does not apply.[4]

## DECISION

Despite having incorporated his business, respondent was appellant's employer within the meaning of the exclusive remedy provision of the Workers Compensation Act. The record does not support the existence of a genuine issue of material fact as to whether respondent acted with conscious and deliberate intent to injure appellant. We therefore affirm the summary judgment.

**Affirmed.**

KLAPHAKE, Judge (concurring in part, dissenting in part).

I agree with the majority that the intentional injury exception to the Workers' Compensation Act does not apply under the alleged facts of this case. I take exception only to the majority's conclusion that respondent's act of incorporating his orthodontics business should allow him to be immune from tort suit under the common law because of application of the Act's exclusive remedy provision as it applies to employers.

The majority states that "to deny respondent the protection of the exclusive liability provision because he chose to do business as a corporation would eviscerate the Workers' Compensation Act." To do otherwise would eviscerate appellant's common law right to sue for damages in favor of upholding a legal fiction. Respondent's act of incorporating his business has not altered the fundamental nature of his business, except to shield him from liability. But he now derives his income as an employee, not as a shareholder. There-

fore, he has a dual status as employee and shareholder. Because employees may sue each other, respondent should not be immune from liability for his assault on appellant. Other states that have considered this question have ruled that an injured employee is not barred from initiating a tort action against a co-employee who is also a corporate officer. *See, e.g., Barnette v. Doyle,* 622 P.2d 1349, 1354–55 (Wyo. 1981) (workers' compensation act "does not bar an injured employee from bringing an action against a coemployee who is also a corporate officer"); *Crees v. Chiles,* 437 N.W.2d 249, 252 (Ia.Ct.App.1988) ("legislature did not intend any person who may be determined an 'alter ego' of a corporate employer to be immune from suit for gross negligence by a co-employee"); *see also* 2 Arthur Larson, *Larson's Worker's Compensation,* 72.13 (2000) ("most courts have held that * * * status [as a corporate officer, director or shareholder] is not in itself a bar to liability as a coemployee, since the corporate entity is the employer"). I would reverse the district court's grant of summary judgment on this issue.

---

4. Because of our resolution of these issues, we do not address the dismissal of appellants'

negligence claim or the denial of her motion to add a claim for punitive damages.