# IN THE COURT OF APPEALS OF IOWA

No. 14-1699
Filed October 14, 2015

**CHARLES C. MULLEN and JULIE L. MULLEN,**
**Administrators of the BRANDON MULLEN ESTATE,**
        Plaintiffs-Appellants,

**vs.**

**STEVEN GRETTENBERG,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Webster County, William C. Ostlund, Judge.


        Charles and Julie Mullen, administrators of Brandon Mullen's estate, appeal the district court's dismissal of the estate's petition for lack of subject matter jurisdiction. **AFFIRMED.**


        Nicholas G. Fontanini of Jordan & Mahoney Law Firm, P.C., Boone, for appellants.

        Mark S. Brownlee of Kersten, Brownlee, Hendricks, L.L.P., Fort Dodge, for appellee.


        Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

The workers' compensation statutes furnish an injured employee the exclusive means of obtaining compensation from the employer for a work-related injury. *See* Iowa Code § 85.20(1) (2013). In contrast, if the cause of the injury is another employee's gross negligence, the employee is not limited to the statutory remedies. *See id.* § 85.20(2).[1]

Brandon Mullen was an employee of Steven Grettenberg, the sole proprietor of Grettenberg Farms, Ltd. Mullen was emptying a grain bin when he became trapped inside and suffocated. Grettenberg was working in the vicinity of the accident.

Charles and Julie Mullen, administrators of Brandon Mullen's estate, sued Grettenberg for damages, alleging he engaged in grossly negligent conduct under Iowa Code section 85.20(2) as Mullen's "supervisor" and "co-employee." Grettenberg moved for summary judgment. He argued he was Mullen's employer rather than his co-employee and, accordingly, the estate's exclusive means of redress was under the workers' compensation statute.

The district court agreed with Grettenberg. The court stated:

> In this case, the Defendant is a sole proprietor who also worked alongside his employees. As yet, there is no Iowa authority

---

[1] The provision states in pertinent part:
> The rights and remedies provided in this chapter, chapter 85A or chapter 85B for an employee . . . on account of injury . . . shall be the exclusive and only rights and remedies of the employee . . . on account of such injury . . . against any of the following:
> 1. Against the employee's employer.
> 2. Against any other employee of such employer, provided that such injury . . . arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

Iowa Code § 85.20.

which states that a sole proprietor who works alongside his employees should be deemed a co-employee for purposes of Iowa Code section 85.20. However, partnership members who work with their employees have been found to be employers rather than co-employees. Under the current legal precedent, the Court finds that Defendant was Brandon's employer and not a co-employee. . . . Pursuant to Iowa Code section 85.20(1), Plaintiffs are precluded from bringing suit against an employer for gross negligence. Defendant's motion for summary judgment for lack of subject matter jurisdiction should be granted.

The court also rejected an equal protection argument raised by the estate.

On appeal, the estate reiterates that Grettenberg should have been deemed a co-employee under section 85.20(2) and again raises an equal protection challenge to the court's interpretation of the statute. Our review of the essentially undisputed facts is for errors of law. *See Bierman v. Weier*, 826 N.W.2d 436, 443 (Iowa 2013) (reviewing summary judgement ruling for errors of law).

If a court "finds that a defendant is the plaintiff's employer, then the court has no subject matter jurisdiction over a section 85.20 gross negligence suit against that defendant." *Henrich v. Lorenz*, 448 N.W.2d 327, 331 (Iowa 1989); *Tigges v. City of Ames*, 356 N.W.2d 503, 509 (Iowa 1984) ("The provisions of the workers' compensation chapter, specifically Iowa Code section 85.20, clearly and plainly bar a plaintiff's tort suit against his employer."). The estate admitted Grettenberg was Mullen's employer. Accordingly, the district court lacked subject matter jurisdiction.

While our opinion could end here, we elect to address the estate's argument that the district court should have "deemed" Grettenberg an employee.

Precedent essentially forecloses this option. *See Horsman v. Wahl*, 551 N.W.2d 619, 621 (Iowa 1996).

In *Horsman*, the court addressed

whether a sole proprietor who purchases workers' compensation insurance for himself or herself pursuant to the election provided in Iowa Code section 85.1A (1995) is considered an 'employee' under the definitions contained in section 85.61 and thus an 'employee' against whom a coemployee can assert a gross negligence claim under Iowa Code section 85.20(2).

551 N.W.2d at 619. The court determined:

[A] proprietor or partner who elects to purchase workers' compensation insurance pursuant to section 85.1A is defined as an employee in context of the workers' compensation law relating to coverage. The exclusive remedy provision of workers' compensation law, set forth in section 85.20, does not relate to coverage; therefore, in the context of section 85.20 a definition of Wahl as an "employer," pursuant to section 85.61(2), is required.

The court concluded Wahl was "not an employee against whom Horsman [could] bring a gross negligence claim pursuant to section 85.20(2)." *Id.*

*Horsman* teaches us that even where a sole proprietor purchases workers' compensation insurance and elects coverage under a provision defining the proprietor as an employee, the proprietor is considered an employer for purposes of section 85.20. In this case, there is no indication Grettenberg elected coverage under a provision that would have allowed him to be considered an employee. Indeed, the estate concedes Grettenberg's coverage "is unknown."[2] Accordingly, his status as an employer is even clearer than the defendant's status in *Horsman*.

---

[2] Because the estate presented no evidence on Grettenberg's coverage status, it did not generate a genuine issue of material fact on the question, as now claimed. In any event, the evidence, if presented, would not have precluded a ruling as a matter of law that Grettenberg was an employer under section 85.20.

*Crees v. Chiles*, 437 N.W.2d 249, 252 (Iowa Ct. App. 1988), cited by the estate, does not alter our conclusion. There, the defendant was an employee of the corporation for which Crees also worked. *Crees*, 437 N.W.2d at 250. The defendant additionally served as officer and director of the corporation. *See id.* The court concluded these management positions did not render the defendant an "employer" and insulate him from suit where he was employed and paid by the corporation. *See id.* at 253. Grettenberg was not a paid employee of a corporation. Accordingly, *Crees* is inapposite.

The case of *Carlson v. Carlson,* 346 N.W.2d 525 (Iowa 1984), is more apposite. There, the court was asked to decide whether "a member of a partnership [was] an employer of the partnership's employees." *Carlson*, 346 N.W.2d at 527. The court cited authority stating, "[A] member of a partnership, even if he is a 'working partner,' is still in law the employer of employees of the partnership and cannot be sued." *Id.* at 526 (citing 2A Larson, Workmen's Compensation Law, § 72.15 (1982)). Based on this and other authority, the court concluded a member of a partnership was an employer of the partnership's employees and, accordingly, section 85.20 precluded "an injured employee and his dependents from suing a partner in an independent tort action for his injuries received during the course of his employment for the partnership." *Id.* at 527.

We are left with the estate's equal protection concern. The equal protection clauses of our federal and state constitutions "establish the general rule that similarly situated citizens should be treated alike." *LSCP, LLLP v. Kay-Decker*, 861 N.W.2d 846, 856 (Iowa 2015). While the estate argues the differential treatment of employees of sole proprietors and employees of other

business entities bears "no reasonable relation to the purposes of the act," the act itself makes no distinction between these types of employees. As Grettenberg points out, the act differentiates between employers and employees, not between employees. Most employers pay for qualifying compensable injuries through the statutory workers' compensation system, whereas employees who injury co-employees through gross negligence, pay through common law negligence actions. Mullen was foreclosed from suing Grettenberg if Grettenberg was Mullen's employer, whatever statutory form the employer assumed. Accordingly, the equal protection clauses were not implicated.

We affirm the district court's dismissal of the estate's petition for lack of subject matter jurisdiction.

**AFFIRMED.**