In re the MARRIAGE OF Alla LUNINA and Ilya Pozdnyakov.

Upon the Petition of

Alla Lunina, Appellee,

And Concerning

Ilya Pozdnyakov, Appellant.

No. 97–1108.

Supreme Court of Iowa.

Sept. 23, 1998.

Diane L. Dornburg, Des Moines, for appellant.

Roman Vald of Phillips, McCollom, Kozlowski & Vald, P.L.C., West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

At issue in this appeal is whether the appellant adopted his stepdaughter before they emigrated to the United States and is liable for her support even though no "further adoption" occurred in Iowa pursuant to Iowa Code section 600.15(2) (1997). We find that statutory provision has no application to the facts of this case and affirm the district court's award of child support.

## I. Background Facts and Proceedings.

Alla Lunina and Ilya Pozdnyakov are from Azerbaijan. They were married on January 27, 1994. Alla has a daughter, Olga Lunina, born April 23, 1990. Ilya is not Olga's biological father, but on February 1, 1994, the parties obtained a certificate of adoption in which Ilya was acknowledged as Olga's father.

An application to have Olga assume Ilya's surname was not completed because the parties were in the process of emigrating to the United States and the paperwork had already been prepared using the name Olga Lunina. Alla and Olga moved to the United States in June 1994 and Ilya moved here in May 1996. In his immigration papers Ilya claimed Olga was his daughter.

Alla filed a petition for dissolution of marriage in October 1996. A Russian interpreter was present at the dissolution hearing, and the parties' testimony and some exhibits were translated into the record. At the hearing Ilya disputed that he had adopted Olga and argued he should not have to pay child support. He claimed he had verbally agreed to adopt her but had never signed anything to formalize the adoption.

Alla offered into evidence a certificate of adoption which had been registered in Azerbaijan in February 1994. Ilya did not object to the admission of the exhibit, the interpreter's translation of it, or Alla's testimony about what the document purported to be.

The district court filed findings of fact and conclusions of law which were subsequently incorporated into a dissolution decree filed on September 16, 1997. The district court found Ilya had adopted Olga in Azerbaijan. The court rejected Ilya's argument that further adoption proceedings were required in Iowa for the adoption to be valid. Ilya was ordered to pay $234 in monthly child support.

Ilya appealed. He argues the district court erred in finding he had adopted Olga and in finding no further proceedings were required under Iowa Code section 600.15(2) to perfect the adoption. He contends the need for uniformity and a clearly identifiable adoption decree warrants the application of section 600.15(2) to situations like this. Our review of equity proceedings is de novo. Iowa R.App. P. 4.

## II. *Authenticity of Certificate of Adoption.*

■ In offering the certificate of adoption into evidence, Alla did not authenticate the document pursuant to Iowa Code section 622.55 or Iowa Rule of Evidence 902(3). Ilya now argues the certificate is not an adoption decree entered by a court. However, he never objected to the admission of the document before the district court and has waived his right to challenge its authenticity on appeal. *See* Iowa R. Evid. 103(a) (unless timely objection appears of record error may not be predicated upon district court's admission of evidence).

We have previously recognized that an adoption decree of a court of another nation is entitled to recognition if the court had jurisdiction to render it, at least to the extent it does not offend the laws or the public policy of this state. *Corbett v. Stergios,* 257 Iowa 1387, 1391, 137 N.W.2d 266, 268 (1965). Given Ilya's failure to raise any objection below, this court must presume the certificate of adoption is valid and that Ilya adopted Olga in Azerbaijan in 1994.

## III. *Iowa Code Section 600.15(2).*

Ilya alternatively argues that even if an adoption occurred in Azerbaijan, Iowa Code section 600.15(2) required that further adoption proceedings occur in Iowa in order for the adoption to be valid. Iowa Code section 600.15(2) provides:

> If an adoption has occurred in the minor person's country of origin, a further adoption must occur in the state where the adopting parents reside in accordance with the adoption laws of that state.

The district court rejected this argument and found a further adoption under section 600.15(2) is only required in situations in which U.S. residents adopt a foreign child in the child's country of origin. The district court concluded the statute did not apply in a case like this where a resident of Azerbaijan had adopted a child in Azerbaijan and then subsequently moved to Iowa.

■ There is no case law interpreting section 600.15(2) nor is it patterned after the Uniform Adoption Act. In interpreting a statute the court's ultimate goal is to determine what the legislature intended. *Johnson v. Johnson,* 564 N.W.2d 414, 417 (Iowa 1997). Generally, we use rules of statutory construction as aids in determining legislative intent only when the terms of the statute are ambiguous. *Id.* We give precise and unambiguous language its plain and rational meaning as used in conjunction with the subject considered. *Id.*

■ ■ Section 600.15(2) specifies that if an adoption occurred in the minor person's *"country of origin"* a further adoption must occur in the *"state"* where the adopting parents reside. We agree with the district court that the statute's application is limited to situations in which a child is adopted in his or her country of origin by parents who reside in the United States. Nothing in the statute suggests it was intended to apply to foreign adoptions where both the child and parents were residents of the foreign country. Where the statutory language is plain and the meaning is clear, we do not search for legislative intent beyond the express terms of the statute. *Horsman v. Wahl,* 551 N.W.2d 619, 620–21 (Iowa 1996). The Azerbaijan adoption was entitled to recognition by the Iowa courts without the requirement of any further adoption proceedings. We affirm the district court's finding that Ilya adopted Olga

and its order requiring him to pay child support.

**AFFIRMED.**