## IN RE JOHN WAYNE WOOLEY, EMPLOYE v. MINNEAPOLIS EQUIPMENT COMPANY, EMPLOYER, AND GLOBE INDEMNITY COMPANY, INSURER.[1]

December 21, 1923.

No. 23,817.

**Employe not entitled to compensation.**

An employe who suffers injury in a street brawl brought on by himself, and for his own purposes, is not entitled to compensation, even though he was engaged in his employer's business just before the fracas and intended to resume it immediately afterwards.

Upon the relation of Hazel M. A. Wooley, as widow of John Wayne Wooley, employe, and as mother of their children, the supreme court granted its writ of certiorari directed to the Industrial Commission of Minnesota to review proceedings under the Workmen's Compensation Act, brought by relator against the Minneapolis Equipment Company, employer, and Globe Indemnity Company, insurer, wherein, upon appeal from the decision of the referee, his decision was approved by the commission. Writ discharged.

*A. A. Tenner*, for relator.

*Durham & Lystad*, for employer and insurer.

PER CURIAM.

Certiorari to review an order of the Industrial Commission denying to his dependents compensation for the death of John Wayne Wooley, an employe of the Minneapolis Equipment Company.

However the evidence may be considered, the conclusion cannot be escaped that the deceased, with four other companions, held a drinking "party" in a soft (?) drink parlor in Hurley, Wisconsin, beginning about midnight on March 10, 1922. Each participant set up a "round" of drinks, the beverage being Italian wine, alias "Dago Red." They left the place about one o'clock, and as they

[1]Reported in 196 N. W. 477.

debouched on to the sidewalk encountered one Rosario Sicchio. The latter gentleman was carrying a small satchel which aroused the curiosity of Wooley, who stopped to inquire as to the nature of the contents. Sicchio rejoined: "Who wants to know?" From here on the testimony is divergent. That portion of it, believed by the referee and Industrial Commission, indicates that one Johnson, his companion closest to Wooley at the time, knocked Sicchio down and that, as he arose, Wooley repeated the operation. At that juncture, and before he had fully regained his feet, Sicchio drew a revolver and shot Wooley, killing him almost instantly. The testimony is such that, in our judgment, any trier of fact would reduce it to about those terms. The utmost charity cannot put Wooley and his fellow revellers in a light much more favorable.

It is urged that Wooley and his companions had spent the evening on a mission of combined business and pleasure—Wooley all the time discharging his duty to his employer and endeavoring to sell its merchandise. The evidence does not by any means enforce that conclusion, but, assuming it, arguendo, it does not help the relator and for three very good reasons:

It would be rather a monstrous thing to hold that an employe can resort to unlawful means to further his employer's business and recover compensation if by reason of the unlawful character of his action he suffers injury, fatal or otherwise. The Workmen's Compensation Law was not designed to afford compensation for the results of unlawful undertakings. It was not intended to offer premiums to the patrons of bootleggers.

The next obstacle in the way of compensation here is that, assuming Wooley to have been within the scope of his employment up to the very moment he met Sicchio, and that he intended to resume his employment the next moment, yet he was entirely outside his employment when he permitted his curiosity concerning the contents of Sicchio's hand-bag to bring on the street brawl and its speedily fatal consequences.

A third and compelling reason for denying compensation, although to our minds it is of little, if any, more weight than the one last stated, is found in the statute providing that "personal in-

juries arising out of and in the course of employment * * * shall not include an injury caused by the act of a third person * * * intended to injure the employe because of reasons personal to him, and not directed against him as an employe, or because of his employment." Section 66, subd. (j), chapter 82, p. 126, Laws 1921. The application of that statute is of course obvious.

Not only was the conclusion of the referee and the Industrial Commission right, but it was the only one permitted by the evidence. The attack upon it is wholly devoid of merit. There is not in the record a single circumstance to justify it.

Writ discharged.