DONALD DUFLOTH v. CITY OF MONTICELLO AND ANOTHER.

241 N. W. 2d 645.

April 9, 1976—No. 46032.

*Connolly & Heffernan* and *Donald J. Heffernan*, for relator.
*Scholle & Scholle* and *Jerry E. Hess*, for respondents.

PER CURIAM.

The employee seeks review of a decision of the Workers' Compensation Board denying his petition for benefits on the grounds that his alleged injury did not arise out of and in the course of his employment. The board found that his injuries were sustained in an assault by an assailant motivated by personal animosity toward the employee arising from circumstances unrelated to his employment.[1]

The fundamental question raised on this appeal is whether the employee was injured, "not merely while he was at his employment, but because he was at his employment, in touch with associations and conditions inseparable from it." Petro v. Martin Baking Co. 239 Minn. 307, 311, 58 N. W. 2d 731, 734 (1953). The compensation board found that the employee's injuries did not originate in a risk reasonably connected with his employment. See, Jones v. Schiek's Cafe, 277 Minn. 273, 152 N. W. 2d 356 (1967). Our review leads to the firm conclusion that the

[1] Minn. St. 176.011, subd. 16, provides in part as follows: " 'Personal injury' means injury arising out of and in the course of employment and includes personal injury caused by occupational disease; but does not cover an employee except while engaged in, on, or about the premises where his services require his presence as a part of such service * * * but shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment."

board's findings are reasonably supported by substantial evidence and must therefore be affirmed.

Affirmed.