**Roxana Marlene PARKER, Appellant,**

v.

**Roy Michael THARP, Respondent,**

**Arthur Van Sickle, Defendant,**

**Honeywell, a Delaware corporation, licensed to do business in Minnesota, Respondent.**

No. C7–87–553.

Court of Appeals of Minnesota.

Aug. 11, 1987.

Colia F. Ceisel, St. Paul, for appellant.

Frederick M. Hass, Brooklyn Center, for Roy Michael Tharp.

Robert J. Mabel, Honeywell, Inc., Minneapolis, for Honeywell.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and MULALLY,* JJ.

* Acting as judge of the Court of Appeals by ap-       pointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

PARKER, Judge.

Appellant Roxana Marlene Parker was assaulted by a coworker at the workplace during working hours. In her action for assault, she named her employer, respondent Honeywell, Inc., as a defendant under the theory of vicarious liability. Finding that Parker's exclusive remedy against Honeywell was under the worker's compensation laws, the trial court granted summary judgment for Honeywell. We affirm.

## FACTS

On April 9, 1985, two employees of Honeywell, Inc., Roxana Marlene Parker and Roy Michael Tharp, had a disagreement on Honeywell's premises during business hours. Their argument involved invitations to an office luncheon. Eventually, Tharp forcibly shoved Parker out of his office, allegedly injuring her. Parker subsequently brought suit for personal injury, naming Honeywell as a defendant along with Tharp and Tharp's supervisor.[1] The trial court granted summary judgment for Honeywell, ruling that Parker's exclusive remedy against it was under the worker's compensation laws.

## ISSUE

Did the trial court err in ruling that Parker's exclusive remedy against Honeywell was under the worker's compensation laws?

## DISCUSSION

### I

Minn.Stat. § 176.021 (1986) requires employers to "pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment * * *." "Personal injury" is defined as

> injury arising out of and in the course of employment * * *. Where the employer regularly furnished transportation to employees to and from the place of employment such employees are subject to this chapter while being so transported, *but shall not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of the employment.*[2]

Minn.Stat. § 176.011, subd. 16 (1986) (emphasis added).

Parker claims that Tharp's assault was intended to injure her because of personal reasons and was not directed against her as an employee or because of her employment. Therefore, she asserts that she was not entitled to worker's compensation and the "exclusive remedy" language of the statutes is irrelevant.[3]

Many previous decisions have interpreted the exclusion set forth in section 176.011, subd. 16. In a decision interpreting the statute's predecessor, the supreme court discussed the exclusion:

> That the injury is intentionally inflicted does not ipso facto preclude compensation. Compensation cases arising from assault fall mostly into three groups. Noncompensable are cases where the assailant was motivated by personal animosity toward his victim, arising from circumstances wholly unconnected with the employment.

---

1. Tharp's supervisor was apparently dismissed as a party defendant, and Tharp is not a party to this appeal. Parker's suit against Honeywell also charged the corporation with sexual harassment. The trial court granted summary judgment for Honeywell on that issue, and its ruling has not been appealed.

2. Although the wording of the statute makes it appear that the underscored language may apply only when the injuries occur during employer-provided transportation, no previous decisions have so limited the statute.

3. It should be noted that Parker did in fact receive worker's compensation for her medical expenses; therefore, it seems that worker's compensation was available to her. Parker contends that she never *knowingly* accepted the worker's compensation benefits and therefore has not waived her right to a common law action. Although we find no authority for this proposition, our holding makes it unnecessary to determine whether there was a waiver.

In contrast and compensable are injuries resulting from assault where provocation or motivation arises solely out of the activity of the victim as an employe[e].

In a middle ground are cases * * * where the assault was directed against the victim, neither "as an employe[e]" nor for "reasons personal to him." Injuries so arising are ordinarily compensable.

A noncompensable assault must have been for "reasons personal" to the victim. Also, it must not have been "directed against him as an employee or because of his employment."

*Hanson v. Robitshek-Schneider Co.*, 209 Minn. 596, 599–600, 297 N.W. 19, 21–22 (1941) (citations and emphasis omitted).

Subsequent cases have stated that the fundamental question is whether the claimant was injured, "not merely while he was at his employment, but because he was at his employment, in touch with associations and conditions inseparable from it." *Dufloth v. City of Monticello*, 308 Minn. 451, 241 N.W.2d 645, 646 (1976); *Cunning v. City of Hopkins*, 258 Minn. 306, 314–15, 103 N.W.2d 876, 882 (1960); *Petro v. Martin Baking Co.*, 239 Minn. 307, 311, 58 N.W.2d 731, 734 (1953).

Pursuant to these standards, the supreme court has held that worker's compensation was available when a prank on the job resulted in injuries (*Cunning*), when an employee died of a heart attack after engaging in a fight over work-related matters (*Petro*), and when an employee was fatally assaulted while walking to his car after work (*Hanson*). The court has held that worker's compensation was not available when the victim goaded the assailants into "fistic combat" for reasons only marginally related to his employment, and "as a result [he] was pummelled by one of them." *Goodland v. L.S. Donaldson Co.*, 227 Minn. 583, 587, 36 N.W.2d 4, 6 (1949).

Applying the *Hanson* "three group" method of analysis here leads to the conclusion that worker's compensation was available. While the assault may not have arisen "solely out of the activity of the victim as an employee," we cannot say it was "wholly unconnected with the employment." It occurred at the workplace, during working hours, and arose out of a discussion about office affairs.[4] Unlike the assault in *Goodland,* the assault here would not have occurred if Tharp and Parker did not work together. Thus, it seems that this case belongs in the "middle ground." According to *Hanson,* injuries in this middle ground are ordinarily compensable. *Hanson,* 209 Minn. at 600, 297 N.W. at 22.

Applying the "fundamental question" analysis adopted in later cases yields the same result. In order for compensation to be available under this standard, the injury must have occurred because Parker was "at her employment, in touch with associations and conditions inseparable from it." Parker was in fact at her employment when the assault occurred, and the assault arose out of a discussion about associations and conditions inseparable from her employment—namely, planning an office lunch. Therefore, under either of the standards used in interpreting section 176.011, subd. 16, Parker could have received worker's compensation.

## II

Minn.Stat. § 176.031 (1986) provides that "[t]he liability of an employer prescribed by [the worker's compensation statutes] is exclusive and in the place of any other liability to such employee * * * entitled to recover damages on account of such injury or death." The trial court concluded that this statute precluded Parker's action against Honeywell.

Minn.Stat. § 176.031 indicates the legislature's intent to make worker's compensation the exclusive remedy for most injuries arising out of and in the course of employ-

---

4. Parker argues that the assault was unrelated to her employment because it arose out of an argument about a social or extracurricular activity. This theory might be compelling if the assault had actually occurred at the luncheon, but it is not convincing because the assault occurred at the office during working hours.

ment. To that effect, Minn.Stat. § 176.001 (1986) stresses the fact that "[t]he workers' compensation system in Minnesota is based on a mutual renunciation of common law rights and defenses by employers and employees alike. Employees' rights to sue for damages over and above medical and health care benefits and wage loss benefits are to a certain degree limited by the provisions of this chapter * * *."

The supreme court has carved out a narrow exception to the exclusive nature of the worker's compensation laws. *See, e.g., Boek v. Wong Hing,* 180 Minn. 470, 231 N.W. 233 (1930) (holding that an employer who intentionally and maliciously assaulted an employee could not avoid common law liability on the ground that worker's compensation was available). If the employer displays "malicious or deliberate intent," an employee has the option of suing for damages at common law or proceeding under the worker's compensation statutes. *Breimhorst v. Beckman,* 227 Minn. 409, 426, 35 N.W.2d 719, 730 (1949) (holding that "such intent may not be inferred from mere negligence, though it be gross"); *see also Hildebrandt v. Whirlpool Corp.,* 364 N.W.2d 394 (Minn.1985) (worker's compensation was exclusive remedy when employer allegedly concealed a known workplace hazard, because there was no conscious and deliberate intent to inflict injury).

■ This exception applies only when the intentional tort was committed directly by the employer. Here the intentional tort was committed by a co-employee. There was no evidence proffered to show that Tharp occupied a position of policy-making authority at Honeywell, nor has it been shown that his assault was committed to further the ends of his employer. Therefore, we cannot find Honeywell directly liable for Parker's injuries.

■ Parker asserts that Honeywell could be liable under the doctrine of vicarious, rather than direct, liability. For Hoenywell to be liable, however, there

must be a showing of malicious or deliberate intent. A corporate entity is by its nature incapable of harboring such intent, and we find no authority for imputing Tharp's malicious intent to Honeywell. Therefore, the doctrine of vicarious liability does not apply.

■ The deliberate intent exception seems to have been adopted so that employers who commit intentional torts against their employees cannot use the exclusive remedy provision of the worker's compensation laws to avoid personal liability for their wrongful acts. Such policy considerations do not apply in cases such as this in which the employer does not commit the intentional tort directly.[5]

Finally, Parker argues that if she is not allowed to pursue her action against Honeywell, there would be a "gap in coverage." She apparently claims there would be no coverage when the assailant's actions are not sufficiently connected to his employer to impose vicarious liability and the victim's actions are not sufficiently connected to qualify for worker's compensation. Parker is correct in asserting that the victim would have no remedy against the employer in such a situation; however, if the actions of neither the assailant nor the victim are related to their employment, there is no reason why the employer should be liable. The victim in such a case would still be able to pursue an action directly against the assailant, just as Parker remains free to pursue her action against Tharp.

## DECISION

The worker's compensation statutes provide Parker's exclusive remedy against Honeywell.

Affirmed.

---

5. In addition, the "fellow servant doctrine" would seem to bar Parker's suit against Honeywell under the theory of vicarious liability. The fellow servant doctrine provides that an employer cannot be held liable (outside the worker's compensation system) for injuries suffered by

its employee as a result of the negligence, carelessness or *misconduct* of a fellow employee who was engaged in the same common or general employment as the injured employee. *Lunderberg v. Bierman,* 241 Minn. 349, 356, 63 N.W.2d 355, 360 (1954).