**Tracy BEAR, Respondent,**

v.

**HONEYWELL, INC.,
Petitioner, Appellant.**

**No. C4–90–2271.**

Supreme Court of Minnesota.

May 3, 1991.

Eric J. Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

Joanne Jirik Mullen, Reinhardt & Anderson, St. Paul, for respondent.

OPINION

TOMLJANOVICH, Justice.

The district court certified the following question to this court:

> If an employee is injured by an assault from an unknown assailant, whose reasons and motives for the assault are not known, and the assault otherwise occurs in the course of and arising out of the employment, do the employee's injuries fall within the assault exception of the Workers' Compensation Act, Minn.Stat. § 176.011(16), and if not, does the Workers' Compensation Act provide the employee with his or her exclusive remedy?

For purposes of answering this question, we accept the facts alleged in the complaint as true.

On January 20, 1984, plaintiff left her place of employment, Honeywell, Inc., at approximately midnight. She walked to the guard station at the building entrance and there joined several other people leaving work. Plaintiff signed out at the guard station and walked to her car in the Honeywell employee parking ramp. As she left, plaintiff observed the guard speaking with a man who followed her to her car and asked for a ride owing to trouble with his own car. Assuming the man to be a Honeywell employee, plaintiff gave him a ride out of the parking ramp. Once outside the ramp, plaintiff alleges the man raped her.

Plaintiff claims that Honeywell was negligent in failing to use reasonable care to deter criminal activity on its premises. She further claims that Honeywell was negligent in training and supervising its building guards. Before answering the complaint, Honeywell moved to dismiss plaintiff's complaint contending her exclusive remedy is that provided by the Workers' Compensation Act, Minn.Stat. § 176.031 (1990). The district court denied Honeywell's motion and certified the question regarding the applicability of the Workers' Compensation Act to this court.

The certified question presupposes that the alleged rape arose out of and in the course of plaintiff's employment. Ordinarily workers' compensation provides the exclusive remedy for such an employment-related injury unless that injury satisfies the exception provided in Minn.Stat. § 176.011, subd. 16 (1990), which excludes injuries "caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of employment" from workers' compensation coverage. In *Hanson v. Robitshek–Schneider Co.*, 209 Minn.

596, 297 N.W. 19 (1941), a salesman who worked in an area of Minneapolis described as having a high crime rate left his employer's premises after dark and walked to his car several blocks away. *Id.* at 597–98, 297 N.W. at 20–21. He intended to return to his office to pick up samples to be used on a sales trip, but was attacked by individuals unknown to him. He later died of the injuries he received. *Id.* at 597, 297 N.W. at 20. His survivor brought a workers' compensation action against the employer. In concluding that the assault was compensable under the Workers' Compensation Act and did not fall within the exception created by section 176.011, subd. 16, this court reasoned:

> Compensation cases arising from assault fall mostly into three groups. Noncompensable are cases where the assailant was motivated by personal animosity toward his victim, arising from circumstances wholly unconnected with the employment.
>
> In contrast and compensable are injuries resulting from assault where provocation or motivation arises solely out of the activity of the victim as an employee.
>
> In a middle ground are cases * * * where the assault was directed against the victim, neither "as an employee" nor for "reasons personal to him." Injuries so arising are ordinarily compensable.

*Id.* at 600, 297 N.W. at 21–22 (citations omitted).

The injury plaintiff alleges most clearly falls within the "middle ground" of ordinarily compensable injuries articulated in *Hanson*. Because the alleged rape was perpetrated by "an unknown assailant, whose reasons and motives for the assault are not known," it cannot be said that the injury was inflicted "because of personal reasons," or was "directed against the employee as an employee."[1] Therefore, sec-

---

1. With respect to injuries inflicted for "personal reasons," Professor Arthur Larson has noted:

    In any case, even if the motive is to get the personal wallet of the victim, most robberies of this kind are not "private" in origin, in the compensation-law sense. There is a marked distinction between the holdup in which the robber says to himself, "I am going to track down Henry Davis wherever he may be and steal the gold watch which I know he has," and the holdup in which the robber says, "I am going to rob whoever happens to be on duty as night watchman at the Consolidated Lumber Company, or whoever happens to come down the dark, hidden path from the factory to the rear gate." The latter is not

tion 176.011, subd. 16 does not permit plaintiff to assert a claim against her employer independent of that provided by the Workers' Compensation Act.

The case is remanded to the trial court for proceedings consistent with this decision.

SIMONETT, J., took no part in the consideration or decision of this case.

really personal to this victim at all; he is attacked exclusively in his employment capacity as being the one who occupies the position in relation to that employment which the robber has found to create a favorable opportunity.

1 A. Larson, *The Law of Workmen's Compensation* § 11.11(b) (1990) (citations omitted). With respect to injuries "directed against the employee as an employee," there is no evidence to suggest that plaintiff was attacked because she is a Honeywell employee.