Doreen **FERNANDEZ**, Respondent,

v.

**RAMSEY COUNTY**, Appellant,

**State of Minnesota, Defendant,**

**John Schleck, et al., Respondents.**

No. C2–92–1544.

Court of Appeals of Minnesota.

Feb. 16, 1993.

860

Tom Foley, Ramsey Co. Atty., Kristine Legler Kaplan, Asst. Co. Atty., St. Paul, for appellant.

Alf E. Sivertson, Law Offices of Sivertson and Barrette, P.A., St. Paul, for Doreen Fernandez.

Theodore J. Collins, Bonnie J. Bennett, Collins, Buckley, Sauntry & Haugh, St. Paul, for John Schleck, et al.

Considered by KLAPHAKE, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

In a denial of summary judgment, the district court rejected Ramsey County's contention that the Workers' Compensation Act provides Doreen Fernandez's sole remedy against an employer for injuries resulting from sexually motivated assault and battery by coworkers. We affirm.

## FACTS

Doreen Fernandez brought this suit against two supervisors, individually, and against Ramsey County and the State of Minnesota both for sexual discrimination under the Human Rights Act and for common law assault, battery, and intentional infliction of emotional distress. The district court dismissed Fernandez's Human Rights Act claims as untimely under the statute of limitations. Fernandez subsequently dismissed the State of Minnesota as a defendant, and has dismissed her claims of intentional infliction of emotional distress against the remaining parties.

The substance of the remaining claims is sexually motivated assault and battery by Fernandez's supervisors Robert Kraft and John Schleck while she worked in the Ramsey County Traffic Violation Bureau. The alleged tortious and harassing acts include touching her breasts, putting an arm around her, massaging her shoulders and neck, dropping paper clips down her blouse, fluffing her hair, and standing so close to her that their bodies touched. Ramsey County, as employer, moved for summary judgment. The motion did not involve Fernandez's direct claims against Kraft and Schleck.

The trial court rejected Ramsey County's position that Fernandez's common law claims for assault and battery are barred by the exclusive remedy provisions of the Workers' Compensation Act. By denying summary judgment, the court concluded, in effect, that Ramsey County failed to demonstrate that as a matter of law Fernandez's alleged injuries are compensable under the workers' compensation statutes.

## ISSUE

Did the district court correctly conclude that Ramsey County failed to demonstrate that workers' compensation was the exclusive remedy for Fernandez's alleged injuries?

## ANALYSIS

Except for specified exclusions, Minn.Stat. § 176.021 (1990) requires employers to "pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment * * *." This statutory system is intended to make workers' compensation the exclusive remedy for most job-related injuries. See Minn.Stat. § 176.031 (1990); Parker v. Tharp, 409 N.W.2d 915, 917–18 (Minn.App.1987). One of the statute's exclusions results from defining "personal injury" to create an "assault exception":

"Personal injury" means injury arising out of and in the course of employment * * * but shall not include an injury caused by the act of a third person or fellow employee intended to injure the

employee because of personal reasons, and not directed against the employee as an employee, or because of the employment.

Minn.Stat. § 176.011, subd. 16 (1990). When an assault or battery is the source of an employee's injuries, three requirements must be met for compensability under the Act: the injury (1) must arise out of the employment, (2) must be in the course of employment, and (3) must not be excluded by the assault exception. *Foley v. Honeywell, Inc.*, 488 N.W.2d 268, 271 (Minn.1992).

■ The "arising out of" language requires a causal connection between the injury and the employment. *Gibberd v. Control Data Corp.*, 424 N.W.2d 776, 780 (Minn.1988). This causal requirement has been defined by the supreme court as expressing

a factor of source or contribution rather than cause in the sense of being proximate or direct. Because of the intervening wrongful act of third parties or some such extrinsic contribution, the employment may not be the proximate cause. But it may be nonetheless so much source of the event that the latter in a very real and decisive sense arises out of the employment * * *. So it is enough that injury follows "as a natural incident of the work * * * as a result of the exposure occasioned by the nature of the employment."

*Foley*, 488 N.W.2d at 271 (quoting *Hanson v. Robitshek–Schneider Co.*, 209 Minn. 596, 599, 297 N.W. 19, 21 (1941)). The broad construction of the "arising out of" standard is demonstrated in *Foley* by the court's holding that an employee's death, caused by a serial rapist in her employer's parking lot on a weekend, arose from her employment. *Id.* at 272.

The causal relationship between Fernandez's alleged injuries and her employment is more pronounced than in *Foley*. The actions alleged by Fernandez occurred entirely while she was at work, and the alleged perpetrators are coworkers. Under the standard stated in *Foley*, the undisputed facts satisfy the first coverage factor.

Fernandez's injuries, if proved, arise from her employment.

The second test for coverage requires that the injury occur within the time and space boundaries of employment. *Id.; Gibberd*, 424 N.W.2d at 780. Fernandez's alleged injuries occurred while she was at her workplace during work hours. Fernandez does not dispute that the alleged injuries occurred "within the course" of her employment.

The final and most difficult question is whether the assault exception of Minn.Stat. § 176.011, subd. 16, excludes Fernandez from coverage. The acts excluded by the assault exception (1) must be intended to injure the victim because of personal reasons, and (2) must not be directed against the employee as an employee. Neither the legislature nor the courts have precisely explained what is meant by "because of personal reasons" and "employee as an employee." Several opinions construing the assault exception provide general guidance.

In *Hanson v. Robitshek–Schneider Co.*, the supreme court identified three groups of compensation cases arising from assault: (1) noncompensable cases in which the assailant is motivated by personal animosity toward the victim, (2) compensable cases in which the provocation or motivation arises solely from work activities, and (3) cases that are usually compensable in which the assault is neither personal nor related to the employment. *Hanson*, 209 Minn. at 600, 297 N.W. at 21–22.

This formulation has been described as the "three group" method. Other cases have analyzed the assault exception by applying a fundamental question of whether the claimant was injured "not merely while he was at his employment, but because he was at his employment, in touch with associations and conditions inseparable from it." *Dufloth v. City of Monticello*, 308 Minn. 451, 451, 241 N.W.2d 645, 646 (1976); *Cunning v. City of Hopkins*, 258 Minn. 306, 314–15, 103 N.W.2d 876, 882 (1960).

■ Two recent Minnesota Supreme Court cases have construed the assault exception in the context of an employee's sexual assault. In *Bear v. Honeywell,*

*Inc.*, 468 N.W.2d 546 (Minn.1991), the court concluded that because the assailant was unknown, it could not be determined whether the injury was inflicted because of personal reasons or was directed against the employee as an employee. The court applied the "three group" test to hold that the assault was in group (3) and, thus, covered by the act and Bear could not bring a separate claim against her employer. In the second case, *Foley*, the court relied on *Bear* to hold the assault exception inapplicable and concluded that a random sexual attack on an employee is, as a matter of law, not intended to injure the employee for personal reasons. 488 N.W.2d at 273.

*Bear* and *Foley* stand not only for a narrow construction of "personal reasons" and "employee as an employee," but also for the principle that it is the motivation of the assailant that determines whether the act is personal.[1] Additionally, they demonstrate that the circumstances of the employment that create the opportunity for the perpetrator of the assault is the primary consideration when the assault is not directed at the employee because of individual identity.

Courts in other states have not been uniform in addressing whether injuries from sexually motivated acts are compensable under workers' compensation. Two states have concluded that workers' compensation statutes do not preclude separate actions. *See Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486, 575 N.E.2d 428 (1991) (workers' compensation statute in Ohio does not provide exclusive remedy for claims based on sexual harassment in the workplace); *Byrd v. Richardson–Greenshields Sec., Inc.*, 552 So.2d 1099 (Fla.1989) (public policy requires that exclusivity rules of workers' compensation should not shield an employee from tort liability for sexual harassment). At least one other jurisdiction has held that a separate action is barred. *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317 (7th Cir. 1992) (Illinois workers' compensation statute preempted claim for intentional infliction of emotional distress resulting from sexual harassment by coemployee).

The Minnesota Supreme Court's analyzing sexual assaults in *Foley* and *Bear* within the framework of the workers' compensation statutes identifies an approach separate from Florida and Ohio. This approach may, in some cases, deny a victim the ability to obtain emotional and psychological damages resulting from workplace harassment. *See Byrd*, 552 So.2d 1099. However, sexual harassment claims will ordinarily be brought under the Human Rights Act, and it could be argued that creating exceptions for categories of injuries that occur in the workplace undermines the ultimate effectiveness of the Workers' Compensation Act in compensating injured workers.

The analysis in *Foley* and *Bear* is consistent with earlier Minnesota cases that rely on a fact-based inquiry to determine whether assaults are personally motivated or a product of the employment. *See, e.g., E.G. Goodland v. L.S. Donaldson Co.*, 227 Minn. 583, 36 N.W.2d 4 (1949); *Wooley v. Minneapolis Equip. Co.*, 157 Minn. 428, 196 N.W. 477 (1923). A case relied on by Fernandez, *Johnson v. Ramsey County*, 424 N.W.2d 800 (Minn.App.1988), *pet. for rev. denied* (Minn. Aug. 24, 1988), was appealed only after full development of a factual record supporting a determination that the motivation for sexual battery was

---

1. In an instructive footnote, the supreme court in *Bear* quoted Professor Arthur Larson's explanation of "personal reasons":

   In any case, even if the motive is to get the personal wallet of the victim, most robberies of this kind are not "private" in origin, in the compensation-law sense. There is a marked distinction between the holdup in which the robber says to himself, "I am going to track down Henry Davis wherever he may be and steal the gold watch which I know he has," and the holdup in which the robber says, "I am going to rob whoever happens to be on duty as night watchman at the Consolidated Lumber Company, or whoever happens to come down the dark, hidden path from the factory to the rear gate." The latter is not really personal to this victim at all; he is attacked exclusively in his employment capacity as being the one who occupies the position in relation to that employment which the robber has found to create a favorable opportunity.

   468 N.W.2d at 547–48 n. 1.

personal and not directed at the employee for employment reasons.

In denying Ramsey County summary judgment, the district court included in its memorandum language that suggests that Kraft's and Schleck's motivations could be determined as a matter of law. Although Ramsey County is not entitled to summary judgment dismissing Fernandez's claim, they are entitled to an opportunity to prove that the alleged actions were random and impersonal acts resulting from circumstances of employment rather than motivated by personal reasons. Under Minnesota case law construing the assault exception, the disputed questions of intent and motivation are triable issues.

## DECISION

The district court's refusal to grant Ramsey County's motion for summary judgment is affirmed. The disputed issue of whether the alleged acts were for personal reasons or directed against the employee as an employee is remanded for trial.

Affirmed.