Jeremy MEINSTMA, Respondent (A03–416, A03–425), Appellant (A03–861),

v.

**LORAM MAINTENANCE OF WAY, INC., Respondent,**

Richard Lee Mendez, et al., Appellants (A03–416), Defendants (A03–861),

James Valenta, Appellant (A03–425),

and

**Loram Maintenance of Way, Inc., Cross–Claim Plaintiff,**

v.

Dennis Darnell Ramsey, et al., Cross–Claim Defendants,

and

**Loram Maintenance of Way, Inc., Third–Party Plaintiff,**

v.

United Steelworkers of America, Local 2002, Third–Party Defendant.

Nos. A03–416, A03–425, A03–861.

Court of Appeals of Minnesota.

Dec. 16, 2003.

Michelle D. Christensen, Holly J. Tchida, Murnane, Conlin, White & Brandt, P.A., St. Paul, MN, for appellants Richard Mendez et al.

Lawrence M. Rocheford, Jessica E. Schwie, Jardine, Logan & O'Brien, P.L.L.P., Lake Elmo, MN, for appellant James Valenta.

Marcia S. Rowland, Standke, Greene & Greenstein, Ltd., Minnetonka, MN, for Jeremy Meinstma.

Joseph W. Hammell, Eric C. Sjoding, Dorsey & Whitney, LLP, Minneapolis, MN, for respondent Loram Maintenance of Way.

Considered and decided by KALITOWSKI, Presiding Judge, HALBROOKS, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Jeremy Meinstma sued his employer and five co-employees for injuries arising out of an on-the-job "birthday spanking" by the co-employees with a two-by-four fashioned into a long paddle. The employer and co-employees moved for summary judgment based on the exclusivity provisions of the workers' compensation act (the WCA). The district court granted summary judgment to the employer but denied the co-employees' motions for summary judgment, concluding that the intentional nature of battery triggered an exception to the exclusivity provisions of the WCA for injuries intentionally inflicted by co-employees. We affirm summary judgment granted to the employer, but reverse denial of the co-employees' motions for summary judgment because there is no evidence in the record that the co-employees intended to injure Meinstma.

## FACTS

Loram Maintenance of Way, Inc. (Loram) designs and manufactures railway maintenance equipment, and operates a

manufacturing facility in Hamel, Minnesota, where many of its products are designed and built by a unionized workforce using heavy equipment.

Jeremy Meinstma and all of the involved co-employees, including Richard Lee Mendez, James Valenta, and Steven Wayne Bachler, were Loram employees and union members. Meinstma had no interaction with any of the involved co-employees outside of work and work-sponsored events. Meinstma had no basis for believing that any of the involved co-employees disliked him or wanted to hurt him.

More than ten years ago, some union employees at Loram established a tradition of spanking fellow union employees on their birthdays. Typically, a small group of union employees would approach and surround the union employee celebrating a birthday, wrestle him to the ground, and hit him on the buttocks, sometimes using a long wooden paddle crafted from a two-by-four. The birthday spankings occurred on Loram property during working hours or immediately thereafter. Loram managers were aware of the birthday spankings and did nothing to stop them. A Loram manager even participated in one birthday spanking.

On a day near his birthday, Meinstma was working on a shift when the involved co-employees grabbed him, wrestled him to the ground, and spanked him with the wooden paddle. During the incident, Meinstma suffered injuries, including a cut on his arm. Following the incident, the co-employees helped Meinstma to his feet and one helped him treat the cut on his arm.

Meinstma sued Loram and the five co-employees involved in the incident, alleging that he suffered back injuries, psycho-logical injuries, and financial damages as a result of the incident. Loram and the co-employees moved for summary judgment, arguing that Meinstma's injuries are covered by the WCA, which provides his exclusive remedy.

The district court granted Loram's motion for summary judgment, concluding that Meinstma's exclusive remedy against Loram is the WCA because his injuries (1) arose out of his employment; (2) do not come within the WCA's "assault exception"; and (3) do not come within the WCA's "intentional-injury-[by-employer] exception."

The district court denied the co-employees' motions for summary judgment, concluding that because Meinstma's primary claim against the co-employees is for battery, an intentional tort, the exception to WCA exclusivity for injuries intentionally caused by co-employees applies.

By order, we have limited these consolidated appeals to the interpretation of the exclusive remedies provisions of the WCA and relevant exceptions. Meinstma challenges the final partial judgment dismissing his claims against Loram, arguing that (1) his injuries did not arise out of employment within the meaning of the WCA; (2) the assault was "personal," taking his injuries out of the WCA definition of compensable injuries; and (3) Loram's conduct comes under the intentional-act-by-employer exception to the WCA. Co-employees Valenta, Mendez and Bachler challenge the denial of their motion to dismiss Meinstma's claims against them for lack of subject matter jurisdiction, arguing that the WCA provides the exclusive remedy, because there is no evidence of intent to injure. Meinstma has also moved to strike portions of the appendix submitted by Mendez and Bachler.

## ISSUES

I. Did the district court err in concluding that the Workers Compensation Act provides the exclusive remedy for Meinstma's claims against his employer for injuries arising out of a workplace battery?

II. Did the district court err in concluding that it has jurisdiction over Meinstma's claims against co-employees for injuries arising out of a workplace battery because the intentional nature of battery constitutes an exception to the exclusivity of the Workers Compensation Act?

## ANALYSIS

### I. Standard of review

 "On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). On appeal, evidence is reviewed in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993).

### II. Meinstma's claim against Loram

 The WCA ordinarily provides an employee's exclusive remedy against an employer for personal injuries "arising out of and in the course of employment." Minn.Stat. § 176.021 (2000). The workers' compensation system in Minnesota is based on a policy of "mutual renunciation of common law rights and defenses by employers and employees alike." Minn. Stat. § 176.001 (2000). The WCA was "designed to give workers immediate recovery for their injuries suffered while on the job, without regard to the common law's 'three evil sisters,' contributory negligence, the fellow-servant rule, and as-sumption of risk." *Foley v. Honeywell, Inc.,* 488 N.W.2d 268, 271 (Minn.1992). The exclusive remedy provision of the WCA states that:

> The liability of an employer prescribed by this chapter is exclusive and in the place of any other liability to such employee ... entitled to recover damages on account of such injury or death.

Minn.Stat. § 176.031 (2000). Every employer covered by the WCA is liable for compensation in every case of personal injury of an employee arising out of and in the course of employment without regard to the question of negligence. Minn.Stat. § 176.021, subd. 1.

#### a. Meinstma's injuries arose out of and in the course of employment

In order for an injury to be compensable under the WCA, it must arise out of the employment and must be in the course of the employment. *Foley,* 488 N.W.2d at 271; *see* Minn.Stat. § 176.011, subd. 16 (2000).

 For an injury to "arise out of" the employment, there must be some causal connection between the injury and the employment. *Gibberd v. Control Data Corp.,* 424 N.W.2d 776, 780 (Minn.1988). This causal connection does not mean that the employment has to be the proximate cause of the injury. *Id.* Simply, an injury arises out of employment when the employment is "a factor of source or contribution" to the injury. *Foley,* 488 N.W.2d at 271.

> Because of the intervening wrongful act of third parties or some such extrinsic contribution, the employment may not be the proximate cause. But it may be nonetheless so much [the] source of the event that the latter in a very real and decisive sense arises out of the employment.... So it is enough that injury follows "as a natural incident of the

work ... as a result of the exposure occasioned by the nature of the employment."

*Id.*

■ The district court concluded that there is no genuine issue of material fact as to whether Meinstma's injuries arose out of his employment at Loram. We agree. Meinstma stated in his deposition that had he not been employed at Loram, the incident would not have occurred. It was Meinstma's employment at Loram that "exposed him to a different and greater hazard of injury from assault than if he had been pursuing ordinary personal affairs." *Hanson v. Robitshek–Schneider Co.*, 209 Minn. 596, 598, 297 N.W. 19, 21 (1941).

Meinstma cites *Foley* for the proposition that working at a location with assaultive co-employees does not meet the standard of "arising out of" his employment, and therefore the WCA does not apply to this incident. But, contrary to Meinstma's argument, *Foley* supports a very broad reading of "arising out of." *See Foley*, 488 N.W.2d at 272 (holding that assault and murder of Honeywell employee in a public parking ramp arose out of her employment). The district court did not err by determining that, as a matter of law, Meinstma's injuries arose out of his employment at Loram.

■ The requirement that an employee's injury occur in the course of employment, means that the injury must occur within the time and space boundaries of employment. *Id.* The injury must occur on an employer's premises and during the hours of service, including a reasonable time both before a person actually begins doing work on the premises and after the work day or shift is complete. *Merrill v. J.C. Penney*, 256 N.W.2d 518, 520 (Minn. 1977) (defining "premises" as covering an area greater than the actual working place

of the employee); *Nelson v. City of St. Paul*, 249 Minn. 53, 56–57, 81 N.W.2d 272, 276 (1957). The parties do not dispute that the incident occurred on Loram's premises during the work shift of all the actors involved.

#### b. Meinstma's injuries fall within the WCA's definition of compensable personal injuries

■ The definition of "personal injury" in the WCA excludes injuries "caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of employment." Minn.Stat. § 176.011, subd. 16; *Foley*, 488 N.W.2d at 273.

Meinstma argues that his injuries are excepted from the definition of compensable personal injuries as defined by the WCA because his fellow employees intended to injure him for personal reasons and not because of his employment. But it is undisputed that Loram's union employees followed what Meinstma himself described as "a tradition" of spanking fellow union employees on their birthdays, sometimes using a long wooden paddle. Meinstma's injuries occurred because of his birthday, and there is no evidence of another motive for the incident. On these facts, the district court held that "as a matter of law, the acts of the individual defendants were directed against Meinstma as an employee," therefore his injuries fall within the definition of compensable injuries under the WCA. We agree.

Meinstma argues that the incident was violent, and asserts that a violent act by a co-employee against a specific employee is always motivated by personal reasons, citing *Yunker v. Honeywell, Inc.*, 496 N.W.2d 419, 424 (Minn.App.1993). But Meinstma

is misstating *Yunker,* which involved a suit against the employer for the violent murder of an employee by a co-employee. The murder took place at the victim's home. *Id.* This court held that the claim was not barred by the exclusive coverage provision of the WCA because it was clear that the incident did not satisfy the requirement that it occur "in the course of" employment, because the incident did not occur within the time and space boundaries of employment. *Id.* This court went on to note:

> Furthermore, a violent murder by a known assailant is almost certainly "intended to injure the employee because of personal reasons" within the assault exception of Minn.Stat. § 176.011, subd. 16 (1986).

*Id. Yunker* does not, as Meinstma asserts, stand for the proposition that an assault by a known assailant establishes, as a matter of law, intent to injure an employee because of personal reasons. *Yunker* was distinguishing cases in which an employee is assaulted by an unknown assailant, whose reasons and motives for the assault are not known. *See Bear v. Honeywell, Inc.,* 468 N.W.2d 546, 547 (Minn.1991) (holding the WCA provided exclusive remedy for rape in employee parking ramp by unknown assailant). In *Bear,* the supreme court, quoting *Hanson,* 209 Minn. at 600, 297 N.W. at 21–22, noted:

> Compensation cases arising from assault fall mostly into three groups. Noncompensable are cases where the assailant was motivated by personal animosity toward his victim, arising from circumstances wholly unconnected with the employment.
>
> In contrast, and compensable are injuries resulting from assault where provocation or motivation arises solely out of the activity of the victim as an employee.

In a middle ground are cases * * * where the assault was directed against the victim, neither "as an employee" nor for "reasons personal to him." Injuries so arising are ordinarily compensable. *Bear,* 468 N.W.2d at 547.

The undisputed facts in this case demonstrate that the assault against Meinstma falls into the group of cases involving injuries resulting from an assault motivated solely out of activity as an employee. There is no evidence that personal animosity motivated the co-employees and no evidence of circumstances wholly unconnected with the employment that were a factor in the assault. Meinstma did not associate with any of the involved co-employees except through his employment at Loram. *See McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830, 834 (Minn.1995) (holding that employee's tort claim was barred by exclusive remedy provisions of the WCA in part because employee had no contact with assailant outside of her workplace). The incident arose out of a workplace tradition, during working hours, while Meinstma was performing the duties of his job. The district court did not err in holding, as a matter of law, that the incident was directed at Meinstma as an employee of Loram, and was not motivated by personal animosity, and that Meinstma's injuries fall within the definition of compensable personal injuries under the WCA.

### c. Loram's acts do not constitute an intent to injure Meinstma

■ In *Boek v. Wong Hing,* the supreme court recognized as an exception to the exclusivity provision of the WCA, the "intentional tort exception," by holding that an employer who intentionally and maliciously assaulted and beat an employee engaged in the employment, inflicting disabling injuries, could be sued at com-

mon law and could not interpose the exclusivity of the WCA as a defense. 180 Minn. 470, 471–72, 231 N.W. 233, 233–34 (1930).

The district court rejected Meinstma's argument that Loram's allowance of the spanking warrants a judicial determination that Loram intended Meinstma's injuries. The district court reasoned that a corporate entity is inherently incapable of harboring a conscious and deliberate intent to inflict injury, relying on *Parker v. Tharp*, 409 N.W.2d 915, 918 (Minn.App.1987). Parker was assaulted by a co-employee, but asserted that her employer could be liable under the intentional act exception to the WCA. *Id.* at 916. The supreme court rejected this argument, stating that "[a] corporate entity is by its nature incapable of harboring" the type of intent required for the exception carved out in *Boek. Id.* at 918.

We note that the record does not contain evidence that any other employee has ever claimed to have been injured by the birthday spankings at Loram. Although we certainly do not condone Loram's tolerance of this childish, unnecessary, and ultimately injurious behavior by its employees, the facts of this case do not, as a matter of law, give rise to an inference that Loram intended an injury to Meinstma, even if such intent could be imputed to a corporation. At most Loram was negligent, or grossly negligent, and the supreme court has held that " 'conscious and deliberate intent directed to the purpose of inflicting an injury' could not be inferred from mere negligence, even though that negligence might be gross." *Kaess v. Armstrong Cork Co.*, 403 N.W.2d 643, 644 (1987) (quotation omitted) (emphasis omitted). The district court did not err by rejecting Meinstma's argument that the intentional injury exception applies, or by concluding that Meinstma's claims against Loram are barred by the exclusivity provisions of the WCA. We affirm the district court's grant of summary judgment to Loram.

### III. The WCA is Meinstma's exclusive remedy for his claims against the co-employees who participated in the incident

The district court determined that since the WCA is the exclusive remedy for Meinstma's claims against Loram, it would also be his exclusive remedy against those actually responsible for the incident, unless the injury resulted from the gross negligence of the co-employees, or was intentionally inflicted by the co-employees. Minn.Stat. § 176.061, subd. 5(c) (2000) (stating that a co-employee is not liable for a personal injury incurred by another employee unless the injury resulted from the gross negligence of the co-employee or was intentionally inflicted by the co-employee). In this case, Meinstma has not alleged that his injuries resulted from gross negligence, but he asserts that his injuries were intentionally inflicted by the co-employees.

The district court reasoned that because Meinstma's principal claim against his co-employees is for battery, and because, by definition, battery is an "intentional tort or infliction of injury," the WCA does not provide Meinstma's exclusive remedy against the co-employees. At oral argument, counsel for Valenta, Bachler, and Mendez conceded that the acts alleged constitute a civil battery, but argued that intent to injure is not an element of civil battery, and because there is no evidence of intent to injure in the record, the exception in Minn.Stat. § 176.061, subd. 5(c), does not apply. We agree.

Intent to do an act is a central issue in an assault and battery action. However, proof of intent to injure is not required for a plaintiff to recover on an assault and battery theory.

*Brown v. State Auto. Cas. Underwriters,* 293 N.W.2d 822, 825 (Minn.1980) (citing W. Prosser, *The Law of Torts* § 9 (4th ed.1971)). The plain language of the statute requires a showing of specific intent to injure on the part of a co-employee before an injured employee will be permitted to maintain an action against the co-employee outside of the provisions of the WCA. Minn.Stat. § 176.061, subd. 5(c).

In this case, one of the unchallenged, undisputed facts relied on by the district court, is that Meinstma had "no basis for believing that any of the individual [co-employees] disliked him or wanted to hurt him." Meinstma has failed to raise a genuine issue of material fact regarding the co-employees' intent to injure. Minn.Stat. § 176.061, subd. 5(c), does not apply to the facts of this case. The district court erred by concluding that the WCA is not Meinstma's exclusive remedy for his claims against the co-employees involved in this incident and erred by denying the summary judgment motions of Valenta, Bachler, and Mendez. We reverse the denial of those motions.

### IV. Motion to strike

Meinstma has moved to strike an arbitration decision from the appendix submitted by Mendez and Bachler, as well as all references to that decision. Because this decision was filed with the district court as an exhibit to the motions for summary judgment by Mendez and Bachler it is part of the record on appeal. Minn. R. Civ. App. P. 110.01 (stating record on appeal consists of the papers filed in the trial court, the exhibits, and the transcripts of the proceedings). The motion to strike is denied.

### DECISION

Because the WCA provides Meinstma's exclusive remedy for injuries he sustained as a result of a workplace battery, we affirm the district court's grant of summary judgment to employer Loram, reverse denial of the summary judgment motions of co-employees Valenta, Bachler, and Mendez.

**Affirmed in part, reversed in part; motion denied.**