Nicole STENGEL, Respondent,

v.

**EAST SIDE BEVERAGE,**
**et al., Appellants.**

No. A04–392.

Court of Appeals of Minnesota.

Dec. 28, 2004.

Review Denied Feb. 23, 2005.

Stephen W. Cooper, Stacey R. Everson, Stephanie A. Haedt, The Cooper Law Firm, Minneapolis, MN, for respondent.

Paul J. Zech, Lee A. Lastovich, Marnie Polhamus, Felhaber, Larson, Fenlon & Vogt, P.A., Minneapolis, MN, for appellants.

Considered and decided by HUDSON, Presiding Judge; KALITOWSKI, Judge; and KLAPHAKE, Judge.

## OPINION

HUDSON, Judge.

In a denial of summary judgment, the district court rejected appellant East Side Beverage's contention that the Workers' Compensation Act provides respondent Nicole Stengel's sole remedy against her former employer for injuries resulting from sexually motivated assault and battery by coworkers and a supervisor. We affirm.

## FACTS

Appellant East Side Beverage is a beer distributor to liquor stores and bars in the Twin Cities metropolitan area. Appellant employed respondent Nicole Stengel as a graphic designer of advertising signs for about two years. Respondent was responsible for producing "sign graphics" for on- and off-premise accounts, table tents, menus, stickers for tap handles, special event signs and posters, as well as a variety of other projects for appellant's customers. Appellant terminated respondent on December 19, 2001, for unsatisfactory performance.

Respondent brought suit against East Side Beverage's president and vice-president, individually, as well as her former employer, appellant East Side Beverage, for sexual discrimination under the Minnesota Human Rights Act. Her complaint also included counts for common-law as-

sault and battery, intentional infliction of emotional distress, and numerous other claims. The alleged conduct which formed the basis for respondent's claims includes a co-worker sticking his finger in between the buttons of respondent's blouse, between her breasts, and moving his finger back and forth while saying "ding, ding, ding ...."; another co-worker shoving his hand up her leg saying, "Oh, dead man's curve, I'd like to get some of that," and then grabbing respondent and reaching for her vagina; her supervisor leaning his body against hers and kissing her; and various other co-workers grabbing her buttocks, grabbing and snapping her bra, and slapping her backside with a rolled up sign.

Appellant moved the district court for summary judgment on all counts, arguing that the district court lacked subject-matter jurisdiction because the Minnesota Workers' Compensation Act (WCA) provides an employee's exclusive remedy, and thus bars respondent's common-law claims for assault, battery, and intentional infliction of emotional distress. In response, respondent argued that her injuries were excluded from coverage under the WCA by virtue of the WCA's "assault exception," because she was the victim of an intentional assault that was personal to her and unrelated to her employment.

The district court dismissed several of respondent's claims, but denied appellant's summary judgment motion with respect to respondent's common-law assault and battery and intentional infliction of emotional distress claims, finding that a genuine issue of material fact exists regarding the assailants' motives; specifically whether the alleged motivation to injure respondent was based on personal animosity toward her, arising from circumstances "wholly unconnected with the employment." [1]

This appeal follows.

## ISSUE

Did the district court err in holding that factual issues exist as to whether respondent's intentional tort claims are barred by the exclusivity provisions of the Workers Compensation Act?

## ANALYSIS

Appellant contends that the district court lacks subject-matter jurisdiction to hear respondent's common-law assault and battery and intentional infliction of emotional distress claims, arguing that the Workers' Compensation Act (WCA) provides respondent's exclusive remedy.[2]

On appeal from summary judgment, this court must examine two questions: (1) whether there are any genuine issues of material fact, and (2) whether the district

---

1. Appellant argues that the district court erred by not dismissing respondent's assault and battery claim against East Side Beverage's president and vice-president in their individual capacities. But our review of the district court's January 16, 2004 order reveals that the district court did just that—i.e., it dismissed the assault and battery and aiding and abetting claims (Count 3) against appellant's president and vice president in their individual capacities. The claim against appellant as a corporate entity, however, survived. Moreover, in respondent's brief on appeal here and at oral argument, respondent's counsel stated that Count 3 had been withdrawn as it relates to the individual liability of appellant's president and vice president. Therefore, the only issue before us is whether respondent's assault and battery claim properly survived summary judgment with respect to appellant East Side Beverage.

2. We do not consider whether the district court erred in declining to dismiss respondent's intentional infliction of emotional distress claim because appellant did not brief this issue on appeal. *See Melina v. Chaplin,* 327 N.W.2d 19, 20 (Minn.1982) (holding that issues not briefed on appeal are waived).

court erred in its interpretation of the law. *Cummings v. Koehnen*, 568 N.W.2d 418, 420 (Minn.1997). A district court's decision on a motion for summary judgment is reviewed de novo. *Sentinel Mgmt. Co. v. Aetna Cas. & Sur. Co.*, 615 N.W.2d 819, 827 (Minn.2000). Questions involving the interpretation of a statute and the determination of whether a district court has subject-matter jurisdiction are legal questions subject to de novo review. *Gunderson v. Harrington*, 632 N.W.2d 695, 701 (Minn.2001).

▮ Under the WCA, employers are required to "pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment without regard to the question of negligence." Minn.Stat. § 176.021, subd. 1 (2002). Thus, the WCA provides the exclusive remedy to employees for personal injuries arising out of and in the course of employment. *Id.; McGowan v. Our Savior's Lutheran Church*, 527 N.W.2d 830, 833 (Minn.1995). When the WCA provides the employee's exclusive remedy, district courts are without subject-matter jurisdiction, unless an employee facing an exclusivity defense can show that the alleged conduct falls within an exception to the coverage of the Act. *Id.* One exception to the WCA is what is commonly known as the "assault exception":

> "Personal injury" means injury arising out of and in the course of employment.... *Personal injury does not include an injury caused by the act of a third person or fellow employee intended to injure the employee because of personal reasons, and not directed against the employee as an employee, or because of the employment.*

Minn.Stat. § 176.011, subd. 16 (2002) (emphasis added).

▮ Thus, the question presented to us is if there is a genuine issue of material fact as to whether the conduct that appellant's employees subjected respondent to falls within the assault exception. We conclude that a genuine issue of material fact exists.

▮ We begin our analysis by noting that the Minnesota Supreme Court has observed that assault cases generally fall into three categories, two of which are compensable under the WCA, and one that is non-compensable and therefore actionable under common law. *McGowan*, 527 N.W.2d at 834. The three pertinent categories are: (1) assaults that are non-compensable under the WCA—i.e., actionable under the common law—because the assailant was motivated by personal animosity toward the victim, arising from circumstances wholly unconnected with the employment; (2) assaults that are compensable under the WCA because the provocation or motivation for the assault arises solely out of the activity of the victim as an employee; and (3) assaults that are compensable under the WCA because they are neither directed against the victim as an employee nor for reasons personal to the employee. *See id.; Hanson v. Robitshek–Schneider Co.*, 209 Minn. 596, 600, 297 N.W. 19, 21–22 (1941). Assigning a case to the "proper category" requires a review of the pertinent case law.

In *Fernandez v. Ramsey County*, 495 N.W.2d 859 (Minn.App.1993), this court directly addressed sexual assault and battery in the workplace, and affirmed the denial of the employer's motion for summary judgment where the plaintiff alleged that she was a victim of sexually-motivated assaults that were directed at her personally. *Id.* at 860–63. Thus, the *Fernandez* court held that the disputed question of whether an assault and battery are "personally motivated" or random acts result-

ing from circumstances of employment is a triable issue. *Id.* at 863.

Two years later, the Minnesota Supreme Court decided *McGowan v. Our Savior's Lutheran Church,* 527 N.W.2d 830 (Minn. 1995). In *McGowan,* the court held that a negligence action by an employee of a homeless shelter who was raped by a shelter patron was barred by the exclusivity provision of the WCA. *Id.* at 834. Thus, *McGowan* held that the district court lacked jurisdiction, and the employer was entitled, as a matter of law, to summary judgment on McGowan's tort claims. *Id.* at 833–34. In so doing, the court rejected McGowan's claim that the rape fell within, the "assault exception" because her assailant assaulted her for personal reasons as evidenced by the fact that he had previously made advances toward her and had been rebuffed. *Id.* The court added that

> [i]t is also equally clear that McGowan's employment was a causal factor contributing to her being raped. At the time she was raped, McGowan was the shelter's director and had never had any contact with her assailant outside the workplace. Further, the assault occurred during working hours, in her office, while she was directly engaged in the performance of her work duties. Based on these facts, we cannot say that the rape arose from circumstances unrelated to McGowan's employment.

*Id.* at 834.

Despite the court's rejection of McGowan's argument concerning the assailant's subjective intent, and its ultimate grant of summary judgment, it is significant that the *McGowan* court did not address the reasoning in *Fernandez* which deferred the determination of the assailant's subjective intent for a fact-based analysis at trial. Equally significant, the *McGowan* court made it clear that its holding was based largely on the fact that the nature of McGowan's employment—working in a homeless shelter where she was put at risk to such attacks—was a causal factor contributing to the attack. *Id.* In other words, the assault arose solely out of her activities as an employee; but those activities were considered within the context of the nature of McGowan's employment.

The most recent case addressing the applicability of the assault exception is *Meintsma v. Loram Maintenance of Way, Inc.,* 684 N.W.2d 434 (Minn.2004). In *Meintsma,* union employees had a ritual of giving other union employees "birthday spankings" at the workplace, and a few days after his birthday, Meintsma received a spanking from his co-workers who spanked him with a wooden paddle made from two-by-four lumber. *Id.* at 437–38. After stating that the assault exception was to be narrowly construed, the supreme court held, as a matter of law, that the assault exception did not apply to impose liability on the employer for assault and battery because the motivation for the conduct arose solely out of the employee's activity as an employee, and not personal animosity. *Id.* at 439. Like *McGowan, Meintsma* did not address the reasoning in *Fernandez.* Also like *McGowan,* the *Meintsma* court relied heavily on the fact that Meintsma's spanking was a result of an employment ritual, not anything personal to Meintsma. *Id.*

Nevertheless, appellant argues that the trial court erred in relying upon *Fernandez* because the Minnesota Supreme Court's decisions in *Meintsma* and *McGowan* have implicitly overruled this court's decision in *Fernandez.* In support of that proposition, appellant claims that: (1) the *Fernandez* subjective analysis predates the supreme court's holding in *McGowan* and *Meintsma;* (2) *Fernandez* does not address the "wholly unconnected" standard relied on by the supreme

court both before and after the *Fernandez* decision; and (3) *McGowan* did not cite *Fernandez* as having any precedential value and implicitly rejected the subjective, fact-based analysis.[3] Thus, appellant contends that to invoke the assault exception, an employee must demonstrate that the assailant was motivated by personal animosity toward the victim arising from circumstances "wholly unconnected with the employment." *See, e.g., McGowan,* 527 N.W.2d at 834; *Hanson,* 209 Minn. at 600, 297 N.W. at 21–22. Appellant further posits that the assault must have been for "reasons personal to the victim," and "must not have been directed against him as an employee, *or* because of his employment." *See Hanson,* 209 Minn. at 600, 297 N.W. at 22. Significantly, appellant contends that unless the employee can demonstrate that the assault was "wholly unconnected" to his or her employment, the assault exception does not apply as a matter of law.

Applying this standard, appellant argues that respondent fails to meet it because her injuries occurred at work, during working hours, and while she was performing her job duties. Additionally, appellant argues that respondent's assailants were not motivated by personal reasons to commit the alleged offenses, and that respondent has presented no evidence to the contrary. Indeed, appellant suggests that its employees have engaged in a pattern of inappropriate conduct with respect to all its women employees and that respondent is but one of many women who are part of that culture.

Respondent contends that nothing in the Minnesota Supreme Court's decisions in *McGowan* and *Meintsma* overruled *Fernandez.* Therefore, under *Fernandez,* the disputed question of intent and motivation are triable issues. Further, respondent acknowledges the general rule that unless the injury was wholly unrelated to the employment, the WCA provides an employee's exclusive remedy. But respondent asserts that whether an assault is wholly unrelated to the employment is determined by examining whether the essential nature of the work makes risk of assault a part of the job. Respondent contends that the sexual assaults and batteries at issue here were wholly unrelated to her job duties as a graphic designer of signs.

First, we conclude that the test for determining whether the assault exception applies is to examine whether the assailant is motivated by "personal animosity toward his victim, arising from circumstances wholly unconnected with the employment." *McGowan,* 527 N.W.2d at 834. We further conclude that neither *McGowan* nor *Meintsma* overruled *Fernandez.* The legislatively created assault exception opened the door for fact-specific inquiries to determine the assailant's motivation; to overrule *Fernandez* would effectively render the assault exception meaningless. Accordingly, the district court properly relied on *Fernandez* and *McGowan*[4] in denying summary judgment, and correctly explained that here, on this record, the trier of fact will need to determine whether the alleged motivation to injure respondent was based on "personal animosity" toward

3. At the time the briefs were filed in this matter, the supreme court had recently granted review of *Meintsma,* but no decision had been rendered. The supreme court's decision in *Meintsma,* however, like *McGowan,* does not cite *Fernandez* as having any precedential

value; nor does it address the reasoning in *Fernandez.*

4. Because the Minnesota Supreme Court did not decide *Meintsma* until July 29, 2004, the district court did not have *Meintsma* before it.

respondent arising from circumstances "wholly unconnected with the employment."

■ Second, in order for the assault exception to apply, the acts must not be directed against the employee as an employee. Or, as articulated in *McGowan*, the acts must be "wholly unconnected" to the employment. *Id.* But as stated earlier, the "wholly unconnected" standard is in turn a function of analyzing the nature of the employee's job. Thus we note that the driving force behind the holding in *Meintsma* was the fact that the employee spanking was a company ritual; i.e., an integral part of the company's culture to which most of the employees were subjected on their birthdays. For that reason, the court held that the assault exception did not apply to impose liability on the employer for assault and battery because the motivation for the injuries the employee received arose solely out of the employee's activity as an employee and not personal animosity. *Meintsma*, 684 N.W.2d at 439.

Likewise, in *McGowan*, the director of a homeless shelter was raped by a man she was attempting to counsel regarding his disruptive behavior. *McGowan*, 527 N.W.2d at 832. The court held that her negligence action was barred by the WCA because her rape arose "solely out of McGowan's activities as an employee." *Id.* at 834. The court said that "employment that requires women to be in isolated places is a causal factor contributing to such an attack," and noted that McGowan was assaulted while directly engaged in the performance of her work duties. *Id.* at 834 (quotation omitted).

■ Here, we cannot say as a matter of law that respondent was assaulted solely because of the nature of her job duties or in her capacity as an employee, unlike the employees in *Meintsma* and *McGowan*. There was no peculiar hazard inherent in making signs. Indeed, nothing about being a sign-maker was a causal factor in the alleged assaults. Nor has appellant demonstrated that all its female employees were subjected to similar assaults. At its essence, appellant's position is that if an assault occurs at the workplace, that in and of itself puts the assault within the ambit of the WCA. This position is not supported by Minnesota precedent. To the contrary, the central question is not whether the employee was injured merely while at his or her employment, but whether the injury occurred because the employee was at the job "in touch with associations and conditions inseparable from it." *Johnson v. Ramsey County*, 424 N.W.2d 800, 805 (Minn.App.1988) (holding that a kiss had no association with or to the job) (quotation omitted), *review denied* (Minn. Aug. 24, 1988). As *Meintsma* and *McGowan* clearly demonstrate, courts must examine cases on their individual facts to determine whether the employee's job function was somehow related to the injury. If it is not, then the assault exception applies and the employee's common-law claim is not barred by the Workers' Compensation Act. Thus, though the alleged assaults occurred during working hours and respondent had not had contact with any of her assailants outside of the workplace, we cannot say that as a matter of law respondent's injuries were not based on personal animosity.

While some cases will warrant granting summary judgment as a matter of law, on this record we conclude that appellant's motivations cannot be determined as a matter of law, and we leave to the trier of fact the determination of whether the assault exception applies.

## DECISION

Because a genuine issue of material fact exists as to whether the alleged acts were

directed against respondent for personal reasons or as an employee, the district court did not err in denying summary judgment of respondent's intentional tort claims.

**Affirmed.**